## Winters, Appellant, *v.* Pennsylvania Railroad Co.

244

Argued March 19, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART and SCHAFFER, JJ.

*M. J. Hindes,* for appellant.—The court's assumption that the amended statement of claim conclusively indicated the Rust Company to have been an independent

contractor was not warranted: Conway v. Traction Co., 253 Pa. 211; Burkett v. Van Tine, 277 Pa. 567; McGrath v. Sugar Co., 282 Pa. 265; Jamestown Iron Co. v. Knofsky, 291 Pa. 60; Morris, etc., Steel Co. v. Bank, 277 Pa. 81; Franklin Sugar Co. v. Lykens Mercantile Co., 274 Pa. 206.

The entering of final judgment without giving the plaintiff opportunity to amend was a disregard of the real meaning of section 20 of the Practice Act of 1915, P. L. 483: Joynes v. R. R., 234 Pa. 321; New York & P. R. R. v. R. R., 267 Pa. 64; Vervaeke v. Express Co., 230 Pa. 647.

Plaintiff's proposed amendments on their face set forth a cause of action and consequently the rule should have been made absolute: Seaman v. Bank, 280 Pa. 124; Rhodes v. Terheyden, 272 Pa. 397; Briggs v. Logan Iron and Steel Co., 276 Pa. 326; Franklin Sugar Co. v. Lykens Mercantile Co., 274 Pa. 206.

*John R. Bredin,* with him *Dalzell, Dalzell & McFall,* for appellee.—Only those facts are admitted as are properly pleaded in the amended statement of claim: Wilson v. R. R., 29 Fed. (2d) 665; Southern Surety Co. v. Ins. Co., 31 Fed. (2d) 817.

Where plaintiff has once amended his statement of claim, defendant files an affidavit of defense raising questions of law, and judgment is entered for defendant, the question of opening the judgment and permitting further amendments is for the discretion of the trial court, and when review of the exercise of such discretion is sought on appeal, a plain abuse of discretion must appear to warrant reversal: Levine v. Bank, 281 Pa. 477; Levine v. Roth, 276 Pa. 244.

Plaintiff's amended statement of claim does not state a cause of action, it shows Rust Engineering Company was an independent contractor: Erie City School Dist. v. Fuess, 98 Pa. 600.

Plaintiff's amended statement of claim shows that no negligence of defendant or of Rust Engineering Company was the proximate cause of his injury: Kosson v. Power Co., 293 Pa. 131.

The court properly refused to open the judgment and permit plaintiff to file the second amended statement of claim: Miller v. Merritt, 211 Pa. 127; Painter v. Pittsburgh, 46 Pa. 213; Colleoni v. Canal Co., 274 Pa. 319.

OPINION BY MR. JUSTICE KEPHART, April 13, 1931:

Plaintiff amended his original statement of claim. An affidavit of defense was filed to this, raising questions of law. The court below held the amended statement did not show a cause of action and entered judgment accordingly. The plaintiff then petitioned the court to open the judgment and for leave to file a proposed amended statement of claim. This is an appeal from the entry of such judgment and from the order discharging the rule to open judgment.

The statement as amended shows that defendant let a contract to the Rust Engineering Company for the erection of a bridge over its tracks at Irwin Avenue, Pittsburgh. There was no platform or protection beneath the steel work of the bridge, and this left spaces between the iron girders or joists of the flooring. These spaces were unguarded. Plaintiff, while conveying material in a wheelbarrow to a concrete mixer on the bridge, fell through one of the openings to the tracks below and was injured. His theory was that defendant owed him a duty to provide a reasonably safe place in which to work and that it failed in the performance of that duty by not providing a platform underneath the bridge to guard against falling through to the tracks beneath. Plaintiff does not aver any injury through the unsafe condition of or through any defect in the property or facilities of defendant. Nor is there any averment that defendant exercised any control whatever over the manner of the execution of the independent

contractor's work. So far as the statement is concerned, if there was a duty to put a platform under the bridge it was that of plaintiff's employer, the independent contractor. Plaintiff was injured in the course of his employment by the independent contractor, for which injury defendant was not responsible and for which plaintiff is now receiving workmen's compensation. The statement of claim clearly shows that defendant was not responsible for the injury.

If a statement of claim does not conform to the provisions of the Act of May 14, 1915, P. L. 483, defendant should move to strike it off under section 21. If the statement conforms to the provisions but is not sufficiently specific, a rule for a more specific statement should be taken and, if the rule is made absolute and a more specific statement is not filed, this should be followed with a motion for non pros: Rhodes v. Terheyden, 272 Pa. 397. Section 20 of the act provides for raising questions of law by affidavit of defense. It is a substitute for the common law demurrer.

The question before the court was not solely whether, under the facts as stated, plaintiff could recover, but whether the claim as stated excluded the possibility of recovery under a better statement of facts. Here it is evident that a better statement of facts could show an enforceable claim. The court should have sustained the demurrer and granted plaintiff leave to file a further statement of claim within a limited time, or, on failure, ordered judgment of non pros to be entered. This was not a matter of discretion with the court below but a positive duty.

However, the error in not so deciding was waived by the plaintiff, when later a petition was presented to open the judgment to permit plaintiff to file an amended statement of claim. By adopting this procedure the plaintiff secures every advantage that he would have had, if the court had permitted him to file his third statement, as the petition set forth a new statement in de-

tail. The only differences between this statement and the one filed were the allegations that it was agreed between defendant and the Rust Engineering Company that the defendant should assume sole responsibility for any injury occurring during the construction of the bridge and that the bridge construction should be under the control of defendant, especially as it believed that certain precautions were necessary to be taken to eliminate dangers attendant on the construction. An answer was filed denying these averments, with a request that the rule be discharged.

We agree with the court below that recovery could not be had under the new third statement. Plaintiff avers an agreement between defendant and the Rust Company, but the averments are mere conclusions of the pleader. The character of the agreement whether oral or written is not set forth. The substance of what the parties undertook to do does not appear. Here the specific charge is that a platform or guard had not been placed about the girders or joists or under the open spaces to prevent injury. But there is no allegation that defendant agreed to place these guards there. The mere general allegations of an agreement, without more, would not be sufficient to charge defendant with liability, especially where the statement sets forth the liability of an independent contractor. There is no allegation that defendant actually assumed control over the manner and method of the construction, nor is the allegation of an agreement to assume control sufficiently definite and specific nor is there a sufficient allegation of how such control was to be exercised, if that is important. Plaintiff's allegations set forth the liability of an independent contractor, and the contract under which the work was performed clearly negatives any liability of defendant. The rule was properly discharged and the judgment for defendant on the pleadings was properly entered.

Judgment affirmed.