Dale *v.* Standard Accident Ins. Co., Appellant.

Argued April 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. C. Arnold,* of *Arnold & Smith,* for appellant.

*W. Albert Ramey,* for appellee, was not heard.

PER CURIAM, May 10, 1932:

Defendant appeals from judgment for plaintiff in an action of assumpsit to recover the proceeds of an accident insurance policy issued by defendant company. The policy insured against "disability or death effected directly, exclusively and independently of all other causes from accidental bodily injuries, through external and violent means." Attached to the policy was a septic

poisoning agreement, the relevant portions of which were worded as follows:

"It is agreed, if John Dale insured in this company as a Physician & Surgeon, under its policy No. 27R 2656 to which this agreement is attached, shall accidentally wound himself while engaged in his regular occupation, and, by reason of such wounding and simultaneously therewith, shall be inoculated with septic poison, that this Company shall be liable under said policy.

"If the insured shall become inoculated with septic poison in any other manner than above described, such condition shall not be covered as an accident under this policy, but in all other respects, the several conditions, provisions and exceptions, set forth in or upon the said policy shall remain in full force and virtue."

On September 22, 1929, insured was injured in an automobile accident and sustained a fracture of the right leg. Although still recuperating from the effects of the accident of January 16, 1930, he attended a meeting of a dinner club in Philipsburg, Clearfield County, and in leaving the hotel afterwards was injured by being struck by a heavy door, which swung shut upon him, throwing him down a stairway and resulting in a fracture of the malar bone extending into the antrum. Insured died on March 20, 1930, from septic pneumonia.

At the trial the principal issue was whether the septic pneumonia, alleged to be the cause of the death of insured, fell within the provisions of the septic poisoning agreement referred to above. Defendant contended deceased was not inoculated with septic poison while engaged in his regular occupation, and that death occasioned by septic poisoning in any other manner than provided in the agreement was not a risk insured against. Plaintiff asserted that septic poisoning means blood poisoning, and presented expert testimony to the effect that decedent showed no traces of blood poisoning. In the alternative plaintiff contends that even if death from septic pneumonia be death from septic poisoning,

since the inoculation was not simultaneous with the injury, still defendant cannot defeat a recovery, under the Proximate Cause Rule as stated in Farner v. Mass. Mutual Accident Association, 219 Pa. 71, and Kelley v. Pittsburgh Casualty Co., 256 Pa. 1.

The issues in this case were clearly presented to the jury and we see no reason for disturbing the verdict rendered for plaintiff. There was abundant evidence from which the jury could find the injury to the malar bone resulted in an infection which spread into the lower part of the face and throat and finally into the lungs, where it developed into pneumonia, terminating in the death of the insured. Defendant's contention that the septic poisoning agreement excludes all liability where the inoculation with poison is not coincident to and simultaneous with the wounding is untenable, where, as in this case, the proximate cause of death was, as the jury found, the accidental injury received on January 16, 1930. "There was no break in the continuity of the consequences of the injury, and no intervening cause in the resulting disability": Farner v. Mass. Mutual Accident Association, 219 Pa. 71, 76.

The judgment is affirmed.