## McCormick v. City of Uniontown

*Anthony Cavalcante* and *S. L. Gilson*, for plaintiff.
*W. Frank Lane*, city solicitor, for defendant.

MORROW, J., May 20, 1941.—Plaintiff is a contractor, who, in response to an advertisement, submitted a bid to do certain work in a public improvement undertaken by defendant. Pursuant to a requirement the bid was accompanied by a certified check for $3,500. The check was given with the understanding that it would be forfeited to defendant as liquidated damages in case plaintiff proved to be the successful bidder and then failed to

execute a contract in conformity with the form of agreement incorporated in the contract documents and furnish bonds as specified within 10 days after notification of the award of the contract to him. The bids were opened October 4, 1938. Plaintiff was the lowest bidder and on the same day his bid was accepted. He was then notified in writing that the contract was awarded to him and that he should execute the required contract and the bonds as specified on or before October 15, 1938. After his failure to do so defendant declared the said check forfeited and deposited it. This suit by plaintiff is to recover from defendant the amount of the forfeited check.

Defendant filed an affidavit of defense raising a question of law to the effect that the statement of claim was not sufficient for plaintiff to maintain his action because he admitted failure, without lawful excuse, to execute the contract in conformity with the form of agreement incorporated in the contract documents and to furnish bonds within 10 days after notification of the award of contract to him.

At the argument plaintiff relied largely upon a case in the United States District Court for the Western District of Pennsylvania, Scott et al. v. City of Erie, no. 2, March term, 1920, not reported. We quote from the opinion of Judge Orr in that case:

"From the clause in the proposals specified, it was required of the City of Erie, before it could forfeit the plaintiffs' checks, that it should (*a*) accept the proposals submitted by the successful bidders; (*b*) have prepared for signature a contract; and (*c*) send notice by the city council of the acceptance of the proposal and the readiness of a contract for signature. At the trial it appeared that, while the city council accepted the proposals of the plaintiffs, yet contracts were never prepared for plaintiffs' signatures and further, that no notice was given by the city council of the acceptance of the proposals and the readiness of a contract for signature."

Plaintiff's statement makes it clear that defendant accepted the proposal submitted by plaintiff, and that due

notice was given to plaintiff by defendant of such acceptance. The statement recites that, after notice of the acceptance of his bid, "plaintiff and his proposed surety discovered an ambiguity in the contract as to the contractor's unlimited and absolute liability for the insufficiency of or error in design of the plans and specifications of the improvements, and duly notified the City of Uniontown and requested that the city by proper action clarify the contract provision in respect to this liability". Neither the contract mentioned nor the notice and request is set forth in the statement. From section B-20 of the instructions to bidders attached to the statement it would seem that any such request for interpretation should have come before the bid was made.

The statement indicates that defendant declined to recognize ambiguity in the contract or the need for clarification and that this was the reason plaintiff did not appear at the office of the city clerk of the City of Uniontown on October 15, 1938, to execute the contract and furnish bonds. This being true it is not clear how it is important, as contended on behalf of plaintiff, that the contract should have been in the office of the city clerk and executed by the city.

At section B-26 of the instructions to bidders, attached to the statement as aforesaid, mention is made of the Federal Emergency Administration of Public Works as concerned in the proposed contract. Possibly a statement reciting the facts fully would bring this case within the ruling of the Massachusetts Supreme Judicial Court in the case of Daddario v. Milford, 107 A. L. R. 1447. It was there held:

"The lowest bidder on a sewage project financed in part by a Federal agency, who did not attempt to withdraw his bid after the expiration of the thirty-day period during which by the terms of the advertisement for bids withdrawal was forbidden, and before the final award of the contract to him, is not entitled to the return of a certified check deposited pursuant to the requirements of

the advertisement, by the terms of which the amount was to be forfeited as liquidated damages in the event of the bidder's failure to execute a contract if awarded to him, notwithstanding that the day after submitting the bid he requested the sewer commissioners for leave to withdraw the bid because of a mistake in his figures, and that the board thereupon adopted a resolution awarding the contract to the next lowest bidder, it having subsequently rescinded that action upon the refusal of the Federal agency to approve the award except upon the condition that the amount of the check be credited to the construction account, notified the first-mentioned bidder that the contract had been awarded to him, and advised him that in case of failure to execute the contract the amount of the check would be forfeited as liquidated damages, he being aware that the effort of the commission to allow him to withdraw was subject to the approval of the Federal agency."

In 3 McQuillin on Municipal Corporations (2d ed.), sec. 1323, it is stated that money accompanying a bid for a public contract, as security that the bidder will enter into the contract if his bid is accepted, cannot be recovered back if the bidder fails to enter into the contract. Authorities are cited to the effect that "The rule that courts incline against forfeitures has no application to such a case, and the rule is never carried to the extent of relieving parties against the express terms of their own contracts."

It is our opinion that under the pleadings defendant's affidavit of defense considered as a demurrer should be sustained, but summary judgment will not now be entered. Opportunity will be given plaintiff to amend his statement of claim and allege facts, if he is able to do so, that will make out a good cause of action. See Winters v. Pennsylvania Railroad Co., 304 Pa. 243.

### Order

And now, May 20, 1941, the question of law raised in the affidavit of defense is decided against plaintiff, who

may file a further or amended statement of claim within 20 days, and on failure to do so judgment of non pros will be entered upon motion.