## Adler, Admr., Appellant, *v.* Helsel.

Argued March 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. Thomas Hoffman,* with him *M. J. Hindes,* for appellant.

*Harry Doerr,* for appellee.

PER CURIAM, April 13, 1942:

The question is whether the statement of claim sets forth a right of recovery in plaintiff.

The action is on two judgment notes of Art Stone Block Company which are attached as exhibits to the statement. One of these, dated May 10, 1927, is for $5,000, payable two months after date to the order of A. E. Fichtner and J. W. Helsel, and assigned the same day by indorsement of the payees to the United States Savings & Trust Company of Conemaugh with a guaranty by them of payment at maturity and with power of attorney to confess judgment against them. The other, dated June 15, 1927, is for $1,600, payable one month after date to the order of J. W. Helsel, A. E. Fichtner and Conemaugh Lumber Company, and assigned the same day by indorsement of the payees to the United States Savings & Trust Company of Conemaugh, with the same guaranty and power of attorney. Both notes bear indorsement of the United States Savings & Trust Company of Conemaugh dated March 29, 1928, assigning them to Rose M. Fichtner, without recourse, and indorsements of Rose M. Fichtner dated January 22, 1936, assigning them to Martin J. Hindes, without recourse.

The statement of claim sets forth the execution of the notes, the assignments by the payees, with their guaranty, to the United States Savings & Trust Company of Conemaugh, and the assignments by that company to Rose M. Fichtner. It alleges that on April 20, 1928, Rose M. Fichtner "executed a sale" of the notes to J. A. Stutzman, plaintiff's decedent, and transferred title to him on that date, Stutzman giving her a note in the sum of $6,600 as consideration and holding title to the notes from that time until his death; that they now belong to his estate; that A. E. Fichtner, co-guarantor and assignor of the notes, died in June, 1927; and that no part of the principal, or any of the interest after March 28, 1928, has been paid by Art Stone Block Company (which has been dissolved), or by the estate of A. E. Fichtner, or by defendant J. W. Helsel.

The court below improperly sustained a demurrer to this statement. It gave as reasons for its action that the assignments to Stutzman do not appear by way of indorsements on the notes, that there is no allegation that he was ever given possession of the notes or that they are now in the possession of plaintiff as administrator, that the indorsements show the notes were assigned to Martin J. Hindes by Rose M. Fichtner some eight years after the alleged assignments by her to Stutzman, and that no explanation of these later assignments is given. The court thought, too, that the claim was res judicata as the result of previous suits on the notes by the United States Savings & Trust Company of Conemaugh to use of Martin J. Hindes against the present defendant, but since those suits are not referred to in the statement of claim and are therefore no part of the present record the question of res judicata cannot be considered at this time: *Naffah v. City Deposit Bank,* 339 Pa. 157, 160, 13 A. 2d 63, 64.

As the statement of claim alleges a sale of the notes and transfer of title thereto by Rose M. Fichtner to Stutzman it was not necessary that the notes be placed

in his possession, or that they should themselves show those assignments. While Stutzman was not a holder in due course, both because the notes were not indorsed to him and because they were assigned to him after maturity, he did obtain a good title under section 49 of the Act of May 16, 1901, P. L. 194, which provides that "Where the holder of an instrument, payable to his order, transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein; and the transferee acquires, in addition, the right to have the indorsement of the transferer; . . . ."

As to the fact that the exhibits disclose assignments of the notes by Rose M. Fichtner to Martin J. Hindes, this does not overcome the allegation in the statement that Rose M. Fichtner had previously assigned the notes to Stutzman: see *Briggs v. Logan Iron & Steel Co.,* 276 Pa. 326, 328, 329, 120 A. 280, 281. Whatever question there may be regarding the assignments to Hindes the court should not have sustained the demurrer without affording to plaintiff an opportunity to explain them by an amendment of the statement of claim. "The question before the court was not solely whether, under the facts as stated, plaintiff could recover, but whether the claim as stated excluded the possibility of recovery under a better statement of facts": *Winters v. Pennsylvania R. R. Co.,* 304 Pa. 243, 247, 155 A. 486, 487; *Greene County v. Center Township,* 305 Pa. 79, 86, 157 A. 777, 778; *Garnack v. McNally,* 315 Pa. 30, 32, 172 A. 102, 103; *Stevens v. Doylestown Building & Loan Association,* 321 Pa. 173, 183 A. 922; *Seitz, Trustee, v. Fulton National Bank,* 325 Pa. 14, 16, 188 A. 569, 570; *United Societies of Greek Catholic Religion v. Klochak,* 340 Pa. 159, 161, 16 A.2d 373.

Judgment reversed with a procedendo.