## Pushnack v. Camino

*H. R. Stahlman* and *Dean D. Sturgis*, for plaintiff.
*Wade K. Newell* and *John W. Steen*, for defendant.

CARR, J., February 14, 1944.—This is an action of trespass against the chief of police of a small municipality for negligence causing plaintiff's decedent to be burned to death while confined as a prisoner in the local lockup. An affidavit of defense raises questions of the sufficiency of the statement of the cause of action.

The facts alleged are that on the afternoon of April 27, 1941, defendant, Frank Camino, Chief of Police of the Borough of Belle Vernon, arrested one Nick Pushnack, lodged him in the lockup, and went off, leaving no one on watch about the premises; and that during the evening a fire broke out inside the building and burned the prisoner so badly that he died that night in a nearby hospital. The negligence alleged is that defendant did not have some person constantly in charge of the lockup to rescue the prisoner in case of fire and did not provide the prisoner with any means to extinguish the blaze or to sound an alarm.

It seems clear that in the absence of special circumstances any duty there may have been to have someone in constant attendance upon the prisoner or to provide otherwise against the possibility of his injury by fire rested not upon defendant, who had other duties to perform, but upon the borough, which maintained the lockup and alone had the authority to employ a keeper. The origin of the fire is not disclosed. There is no allegation that the building was unsafe nor are any facts averred to show that defendant could reasonably have foreseen that a fire might occur. Though we have previously held the borough immune from liability for negligence in the exercise of its police powers (see Pushnack v. Borough of Belle Vernon, 46 D. & C. 317), an action against defendant can be maintained only for a breach of duty on his party and only for one that can be shown to have been the proximate cause of the death of plaintiff's decedent.

Additionally, plaintiff must comply with Pa. R. C. P. 2202. An opportunity will now be given to amend: Winters v. Pennsylvania Railroad Co., 304 Pa. 243.