## Blaney, Exr., *v.* Mellor Company (et al., Appellant).

Argued September 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Waldo P. Breeden,* for appellant.

*Raymond D. Evans,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 27, 1944:

This is an appeal by the Maccabees Great Camp for Pennsylvania from the order of the court below dismissing its exceptions to a first and final account of Arthur Wessel, Jr., Esq., appellee, co-receiver of The Mellor Company. A motion to quash the appeal has been filed alleging (1) appellant has failed to comply with Rule 58 of this Court[1] in that it has failed to have included as part of the record the evidence adduced at the hearing upon the exceptions, and (2) appellant is not a party aggrieved.

On October 1, 1941, as a result of a bill in equity by W. E. Blaney, praying for the appointment of a receiver of The Mellor Company and an answer of said company

---

[1] "Rule 58. Immediately upon entering his appeal, appellant shall serve notice thereof on the opposite party or his counsel; on the stenographer who took the testimony, if the official transcript thereof has not been filed; also on the judge who made any ruling or entered any order, judgment or decree, of which appellant complains and the reasons for which do not already appear of record; and shall promptly file in the court below proof of the service of such notices. A failure to comply with this rule and promptly to serve notice on the court below, with a concise statement of the matters complained of and regarding which it is alleged the reasons therefor do not appear of record, may be considered as a waiver of all objections to the ruling order, judgment or decree in question."

thereto admitting the substantial averments of the bill, John F. Gloeckner, Esq., and John R. O'Keefe, Esq., were appointed receivers of the said company. Permission of court was given to continue the business for a period of 90 days. On December 8, 1942, Arthur Wessell, Jr., Esq., was substituted co-receiver of the company in place of John R. O'Keefe, Esq., who had resigned. Permission was given by the court from time to time to continue the operation of the business. On October 9, 1943, Wessell filed a first and final account as co-receiver. In this account the claim of the Maccabees Great Camp for Pennsylvania in the amount of $3,000, based upon a negotiable promissory note executed by The Mellor Company, payable to its order and dated September 9, 1937, was refused for the reason it had no basis to present the claim. On October 1, 1940, the note was assigned to W. E. Blaney for $3,552. Endorsed upon the back of the note was the following assignment:

"Upon payment to us of the sum of Three Thousand, Five Hundred and Fifty-two Dollars ($3,552.00), receipt of which is hereby acknowledged, we do hereby transfer, set-over, and assign to W. E. BLANEY all of our claim, title and interest in and to the within note and the moneys secured thereby; Witness our hands this first day of October, 1940.

The Maccabees Great Camp for
Pennsylvania

W. E. Blaney, Trustee and
Attorney-in-Fact.

Attest:
Marion G. McCoy."

The indebtedness of the company to Blaney, which was the basis for the original bill praying for the appointment of the receivership, was this $3,000 note.

The court below, in disposing of appellant's exception to the account in this regard, stated that at the hearing "Gloeckner testified that the note was an obligation of the defendant company and that the proceeds had been used for its benefit. The records of the defendant corporation did not support the claim . . . Nevertheless, the assignment of the note to Blaney is prima facie valid, and the burden is upon the claimant to establish its right as a creditor. This it has failed to do." Appellant, having failed to comply with Rule 58, is in no position to urge that the conclusions of the court below are not supported by the testimony. We have before us the entire record in this case and find therein nothing to sustain appellant's contentions.

Reliance is placed upon Section 49 of the Uniform Negotiable Instruments Act (Act of 1901, P. L. 194, 56 PS 101) which gives to the holder of an instrument all the rights of his transferor if the transfer is for value. See *Adler v. Helsel,* 344 Pa. 386. Appellant can find no support therein. It must be assumed that all the evidence was presented to the court below, if any there was, which might bring appellant within that section of the act. Appellant's failure to properly prosecute this appeal according to the rule of this Court prevents it from challenging the conclusion of the court below and its failure to establish ownership of the note precludes it from being a party aggrieved by the action of the court below.

Appeal quashed. Costs to be paid by appellant.