## Morgan v. Martin

418

*Richard S. Kempes*, for plaintiffs.
*James T. Shea* and *Charles A. Shea, III*, for defendant.

HOURIGAN, *J.*, August 6, 1975—This case is before the court on defendant's, Clara Mae Martin's, preliminary objections to plaintiff's complaint in equity.

The preliminary objections are as follows: An objection of adequate remedy at law; petition raising a question of jurisdiction; an objection of laches; a motion for more specific pleading; and a demurrer to the complaint.

The docket entries indicate that the complaint was filed on April 29, 1975, and these preliminary objections were filed on May 12, 1975, with an answer to the objections being filed on June 2, 1975. No return of service has been filed and there is nothing in the record to indicate that defendant, Joseph Martin, has been served. From the preliminary objections and answers thereto, we note that defendant, Clara Mae Martin, who was a nonresident, was served by registered mail, and this court has jurisdiction of this defendant only if plaintiffs have set forth an equitable cause of action.

Plaintiffs' complaint alleges the following: Plaintiffs are Pennsylvania residents; defendants, hus-

band and wife, are nonresidents and live at different addresses in Maryland. Defendants are the owners of property which had been mortgaged, and is located at 17 Covert Street, Kingston, Luzerne County, Pa. From January 27, 1955, until March 3, 1967, plaintiffs, at the special instance and request of defendants, made monthly payments totaling $7,838.73 in full satisfaction of the mortgage debt. Further, plaintiffs, from 1954 until June 1972, at the special instance and request of defendants, made expenditures of $10,895.37 to maintain the property of defendants. As agent of defendants, plaintiffs leased a portion of the property and received the income therefrom. From 1961 to 1972, plaintiffs operated a dress-making shop in a portion of the premises, said possession "being in exchange for plaintiffs' management of the property as aforesaid" (i.e., apparently in exchange for the payments of obligations and the collection of rents). Plaintiffs had net expenditures for property (after deduction of rents retained) $9,074.64, and allege that they are entitled to compensation in that amount. They further allege that the property was in the June 1972 flood; that the Redevelopment Authority of Luzerne County intends to acquire this property, and that since defendants are nonresidents, they have no adequate remedy at law. They request that the court assert an equitable lien against the property for the amount of net expenditures made.

The allegation of payment of expenses sets forth lump sum totals of different types of expenses without indicating with any degree of particularity when the payments were made, or when or under what circumstances defendants requested plaintiffs make payment of these items. They merely

allege that the payments made were over an 18-year period.

From the above it is clear that plaintiffs' complaint is vague, incomplete and totally lacking in specificity. Defendant is certainly entitled to a more specific pleading.

However, we will consider whether plaintiffs' complaint states a valid cause of action against defendants.

Section 161 of the Restatement of Restitution states:

"Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises."

The above section has been cited and equitable liens have been recognized in Pennsylvania. See Gladowski v. Felczak, 346 Pa. 660, 31 A. 2d 718 (1943), and General Casmir Pulaski Building and Loan Association v. Provident Trust Co. of Philadelphia et al., 338 Pa. 198, 12 A. 2d 336 (1940).

"The Pennsylvania Supreme Court cited the Restatement of Restitution in both the Pulaski case and the Gladowski case, for the proposition that equitable liens are recognized and enforced in Pennsylvania in the situations set down in Section 161. Since this section sets down only a broad policy as to equitable liens, we cannot yet say that the doctrine of equitable liens as set out in the Restatement of Restitution is the law in Pennsylvania. Further, the lower courts in the Houghton case and the McHugh case, have said the equitable liens exist only when they are expressly created.

About all we can say is that the Pennsylvania courts have recognized equitable liens in some situations.

"The principal situation in which both the Restatement of Restitution and the Pennsylvania courts recognize the equitable lien is where improvements have been made to property under the inducement of fraud, duress, undue influence, and mistake.": Equitable Leins [sic] As A Remedy In Restitution In Pennsylvania, 56 Dickinson Law Review 235, 241-42

Plaintiffs in their complaint have not alleged any fraud, duress, undue influence or mistake.

Plaintiffs have even failed to plead a cause of action that comes within the broad outline of section 161, supra, for the facts as alleged by them do not show any unjust enrichment.

"Where one party has been unjustly enriched at the expense of another, he is required to make restitution to the other. In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied.": Meehan v. Cheltenham Township, 410 Pa. 446, 449, 189 A. 2d 593 (1963).

Plaintiffs claim for compensation merely states that plaintiffs managed defendants' property by collecting the rentals, and making mortgage payments and expenditures to maintain defendants' premises in exchange for the use of a part of the premises rent free.

We see no injustice or enrichment under facts as alleged by plaintiffs.

"The question then remains, in disposing of defendant's demurrer, whether or not plaintiff's complaint is so inadequate that it cannot be cured by

amendment. A plaintiff is entitled to amend if the complaint doesn't exclude the possibility of recovery under a better statement of facts. Sullivan v. Philadelphia, 378 Pa. 648 (1954), Adler v. Helsel, 344 Pa. 386 (1942). This is especially true when a plaintiff's claim is dismissed on a defendant's demurrer as in the instant case. Savitz v. Weinstein, 395 Pa. 173 (1959). If any material fact remains in dispute a judgment cannot be entered on a demurrer. Arcadia Theatre Co. v. Segall, 349 Pa. 412 (1944). In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint. Stevens v. Doylestown Bldg. and Loan Assoc., 321 Pa. 173 (1936). This is not a matter of discretion with the court but rather a positive duty. Winters v. Penna. R. Co., 304 Pa. 243 (1931), United Mercantile Agencies v. Slotsky, 107 Pa. Superior Ct. 467 (1933). Conversely, if it clearly appears that a defective complaint cannot be cured, a demurrer to it and dismissal of the action is proper. United Societies of Greek Catholic Religion v. Klochak, 340 Pa. 159 (1940), Seitz v. Fulton National Bank, 325 Pa. 14 (1936).": Framlau Corp. v. Delaware County, 223 Pa. Superior Ct. 272, 276, 299 A. 2d 335 (1972).

Accordingly, we enter the following

### ORDER

Defendant's, Clara Mae Martin's, preliminary objections, demurrer, is sustained, unless plaintiffs file an amended complaint within 20 days.