William Manuella and Barbara Manuella, his wife, Plaintiffs *v.* O. F. Sorgenfrei and T. Robert Kealey et al., Defendants.

Argued March 22, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*Paul Crowley,* with him *Wilfred F. Lorry,* for plaintiffs.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for defendant, Commonwealth.

*Joel D. Gusky,* with him *Bruce D. Lombardo,* for defendants, O. F. Sorgenfrei, T. Robert Kealey, Robert D. Hutton, William B. Conway and Robert B. Felsburg.

OPINION BY JUDGE MENCER, September 19, 1979:

William and Barbara Manuella filed a complaint in trespass in this Court against the Pennsylvania Department of Transportation (PennDOT), against certain individuals trading as Modjeski, Masters & Chase (MM & C), and against J. Rich Steers (Steers), a general contractor. PennDOT filed an answer and moved for judgment on the pleadings on the basis of sovereign immunity. MM & C filed an answer and, by way of new matter, asserted that PennDOT and Steers were solely liable to plaintiffs or, in the alternative, were liable over to MM & C. PennDOT then filed preliminary objections to MM & C's new matter, again raising sovereign immunity. PennDOT's preliminary objections and its motion for judgment on the pleadings are presently before us for disposition.

The allegations of the complaint may be summarized as follows. PennDOT contracted with MM & C to design, and with Steers to construct, a portion of Interstate 95 in Philadelphia County, on land owned and controlled by PennDOT. Included in the project were the design and construction of support columns for certain sections of the highway. PennDOT and/or Steers contracted with L & R Construction Co. (L &

R) to install steel bars in these columns. William Manuella, an employee of L & R, was engaged in installing these steel bars when a column collapsed and injured him. The column allegedly collapsed because of PennDOT's negligence in designing or constructing the column, in supervising the design and construction, or in failing to provide necessary safety guidelines. The plaintiffs and MM & C contend that PennDOT may be held liable by virtue of the waiver of sovereign immunity in the Judicial Code, 42 Pa. C.S. §5110(a)(3), (4).

42 Pa. C.S. §5110(a)(3) provides that sovereign immunity shall not be a defense as to claims for "[d]amages caused by the care, custody or control of personal property in the possession of Commonwealth agencies. . . ." PennDOT argues that a column which has become permanently attached to the real estate ceases to be personal property and becomes part of the realty. Accepting PennDOT's argument renders 42 Pa. C.S. §5110(a)(3) inapplicable but renders PennDOT subject to liability under 42 Pa. C.S. §5110 (a)(4). The latter provision subjects the Commonwealth to liability for "[d]amages caused by a dangerous condition of Commonwealth real estate . . . , including Commonwealth-owned real property . . . and highways under the jurisdiction of Commonwealth agencies. . . ." PennDOT's argument that a highway under construction is not a "highway" within the meaning of this provision is irrelevant if, as PennDOT apparently concedes, Commonwealth real estate other than a highway is involved.

Since plaintiffs' claim falls within either subsection (a)(3) or subsection (a)(4) of Section 5110, we must deny PennDOT's motion for judgment on the pleadings and overrule its preliminary objections. As this Court has no original jurisdiction over claims in which sovereign immunity has been waived, *see* the

Judicial Code, 42 Pa. C.S. §761(a)(1)(iii), this case must be transferred to the Court of Common Pleas of Philadelphia County.

### ORDER

AND Now, this 19th day of September, 1979, the motion of the Pennsylvania Department of Transportation for judgment on the pleadings is hereby denied, the preliminary objections of said Department to defendants' new matter are hereby overruled, and this case is transferred to the appropriate division of the Court of Common Pleas of Philadelphia County.