Patty Jean Preteroti, Administratrix of the Estate of Sherri Lynn Preteroti, Deceased *v.* Uniservice, Inc. and Commonwealth of Pennsylvania *v.* Margaret Novak. Uniservice, Inc., Appellant.

Argued December 6, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Stephen P. McCloskey,* with him *William D. Phillips, Phillips and Faldowski,* for appellant.

*J. Lawson Johnston,* Deputy Attorney General, with him *Herbert L. Olivieri,* Chief, Torts Litigation Unit, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 29, 1980:

This appeal is from an order of the Washington County Common Pleas Court sustaining preliminary

objections to Uniservice Corporation's cross claim in the nature of new matter. We affirm.

The question is whether the liability asserted falls within one of the eight enumerated instances in Section 5110 of the Judicial Code, 42 Pa. C.S. §5110 (Act 152), as to which the legislature has granted limited waiver of immunity.

Accordingly, therefore, we focus on subsection (a) (4) of Section 5110, which reads:

(4) Commonwealth real estate, highways and sidewalks.—Damages caused by a dangerous condition of Commonwealth real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons, and highways under the jurisdiction of Commonwealth agencies except as limited in paragraph (5).

Uniservice has averred that plaintiff-decedent drowned in a state-owned lake when she voluntarily left one of its rental boats for a swim in a prohibited area.[1] It avers further that the failure of the Commonwealth to properly police the area and enforce the prohibition caused plaintiff-decedent's death.

There is no allegation that special characteristics or attributes of the lake made it dangerous or that

---

[1] Sherri Lynn Preteroti, deceased, drowned in Lake Arthur after renting a boat from Uniservice Corporation. Patty Jean Preteroti, Administratrix, sued Uniservice for failure to properly maintain and equip boats and instruct patrons in boating safety, as well as the Commonwealth of Pennsylvania alleging negligence in permitting Uniservice to maintain a hazardous lease operation on Lake Arthur within the confines of Morain State Park, a Commonwealth facility.

Uniservice cross claimed the Commonwealth in the nature of new matter. Commonwealth filed preliminary objections alleging failure to state a cause of action within the terms of Act 152. The Common Pleas Court sustained the preliminary objections. Only Uniservice has appealed.

the failure to enforce the regulations created a hazardous condition. Rather, Uniservice argues that by "implication" an area in which swimming is prohibited must be considered as containing a "dangerous condition" for the purposes of (a)(4), 42 Pa. C.S. §5110(a)(4). We must disagree.

Uniservice would require us to declare that all lakes owned by the Commonwealth on which the state limits use or places warning "per se" involve dangerous conditions for (a)(4) purposes or that the failure to enforce use regulations of itself creates a hazardous condition. The Act was not so intended.

To state a cause of action within the limited waiver of Section 5110(a)(4), Uniservice had to plead "a state of affairs that hampers or impedes or requires correction." *Mistecka v. Commonwealth of Pennsylvania*, 46 Pa. Commonwealth Ct. 267, 408 A.2d 159 (1979), as well as aver that the resulting condition was dangerous.[2] The pleadings contain no averment that any condition of the lake in question was dangerous nor are the facts as pleaded so compelling that a reasonable man can reach no other conclusion. In the absence of these averments, the existence of a "dangerous condition" may not be inferred.

Accordingly, we

## ORDER

AND Now, this 29th day of April, 1980, the order of the Common Pleas Court of Washington County, Pennsylvania, sustaining the preliminary objections of the Commonwealth of Pennsylvania to Uniservice Corporation's cross claim and new matter is affirmed.

---

[2] In cases arising under 42 Pa. C.S. §5110(a)(4), the determination of whether the condition is in fact a dangerous condition is for the jury. To recover the claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of damage which was incurred. *Mistecka v. Commonwealth, supra.*

President Judge BOWMAN and Judge DiSALLE did not participate in the decision in this case.

———

CONCURRING AND DISSENTING OPINION BY JUDGE MACPHAIL:

I concur with the result reached by the majority that the action of the trial court in sustaining the demurrer to the cross claim of Uniservice Corporation was correct. However, for the reason hereinafter set forth, I believe that the case should be remanded to the trial court for a further order.

The trial court sustained the Commonwealth's demurrer without affording to Uniservice Corporation the opportunity to amend. The majority opinion treats very adequately the reasons why the demurrer should be sustained but is silent as to the right of Uniservice Corporation to amend.

I am of the opinion that the cross claim could be amended to state a cause of action and that Uniservice Corporation is entitled to do so. *Adler v. Helsel,* 344 Pa. 386, 25 A.2d 714 (1942). In *Winters v. Pennsylvania Railroad Co.,* 304 Pa. 243, 155 A. 486 (1931), our Supreme Court said:

> The question before the court was not solely whether, under the facts as stated, plaintiff could recover, but whether the claim as stated excluded the possibility of recovery under a better statement of facts. Here it is evident that a better statement of facts could show an enforceable claim. The court should have sustained the demurrer and granted plaintiff leave to file a further statement of claim within a limited time, or, on failure, ordered judgment of non pros to be entered. This was not a matter of discretion with the court below but a positive duty.

*Id.* at 247, 155 A. at 487.

I conclude that the trial court had the duty to afford Uniservice Corporation the opportunity to amend its cross claim if it could and for that reason I would remand to the trial court for the entry of an appropriate order.