## Molinaro v. PennDOT

*Matthew A. Cartwright,* for plaintiff.

*Jefferson J. Shipman, deputy attorney general,* for PennDOT.

O'MALLEY, *J.,* July 31, 1989 — This matter had its inception on April 5, 1985, when plaintiff, John J. Molinaro, an employee of defendant, Commonwealth of Pennsylvania, Department of Transportation, in its local office situated in Dunmore, Lackawanna County, Pa., was injured while operating his vehicle in Wayne County when the vehicle allegedly hit a berm drop-off along the side of a commonwealth highway. A complaint regarding this accident was filed by plaintiff against PennDOT on August 12, 1987. PennDOT has filed a motion for summary judgment arguing that plaintiff's cause of action is barred for failure to file the statutory notice of intent to sue pursuant to 42 Pa.C.S. §5522 and because plaintiff's cause of action does not fall within any of the limited exceptions to sovereign immunity at 42 Pa.C.S. §8522(b). The motion will be denied.

The law on summary judgment is well settled:

"Summary judgment is made available by Pa.R.C.P. 1035 . . . when the pleadings, deposi-

tions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. This severe disposition should only be granted in cases where the right is clear and free from doubt. To determine the absence of a genuine issue of fact, the court must take the view of the evidence most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment." *Husak v. Berkel Inc.*, 234 Pa. Super. 452, 341 A.2d 174 (1975). (citations omitted)

## Notice

Suits against municipalities and states usually involve special procedures, the most common which is a requirement that the plaintiff notify the governmental entity of the claim within a short period after the injury or at least some period before suit is filed. One unfortunate effect of these provisions is to lay a trap for the injured person. Prosser and Keeton on Torts (5th ed. 1984).

42 Pa.C.S. §5522, one of these procedures, reads, in part:

"(a) *Notice prerequisite to action against government unit* —

"(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this commonwealth or elsewhere against a governmental unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a commonwealth agency for damages, then

also file in the Office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

"(i) The name and residence address of the person to whom the cause of action has accrued. ·

"(ii) The name and residence address of the person injured.

"(iii)· The date and hour of the accident.

"(iv) The approximate location where the accident occurred.

"(v) The name and residence or office address of any attending physician."

In a separate paragraph, the statute goes on:

"(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this commonwealth or elsewhere. *The court shall excuse failure to comply with the requirement upon a showing of reasonable excuse for failure to file such statement.*

"(3) In the case of a civil action or proceeding against a governmental unit other than the commonwealth government:. . . .

"(iii) Failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person." (emphasis supplied)

The Pennsylvania Department of Transportation, a Commonwealth agency, being involved, plaintiff does not come under (3)(iii) and its actual or constructive notice provision. However, actual no-

tice has been considered under reasonable excuse. It is therefore necessary to define "reasonable excuse."

This phrase had been included in various predecessors of the above legislation. In the Act of July 1, 1937, P.L. 2547, §1, 53 P.S. §2774, later 53 P.S. §5301 it was set forth:

"Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employee thereof, shall within six months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. *No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act except leave of court to enter such action upon a showing of a reasonable excuse for failure to file said notice shall first have been secured.*" (emphasis supplied)

It has generally been held that statutes such as this one should not be applied as rigorously as a statute of limitations. *Lumadue v. Cumberland Valley School District,* 31 D.&C. 3d 384 (1983). Further, it is clear that as compared to a statute of limitations which bars the right to bring the action, this act provides an affirmative defense to recovery, but does not affect the right to bring the suit. *Landis v. City of Philadelphia,* 245 Pa. Super. 515, 369 A.2d 746 (1976). The purpose of notice requirements in any act or ordinance is to insure that the affected parties will have an opportunity to assert their rights so that the same will not be summarily

prejudiced. *City of Pittsburgh v. Pennsylvania Railroad,* 107 Pitts. Leg. J. 43 (1956), aff'd., 394 Pa. 58, 145 A.2d 700 (1958). The legislature did not intend to erect an artificial and insurmountable barrier against honest claimants. *Zack v. Borough of Saxonburg,* 386 Pa. 463, 126 A.2d 753 (1956).

In *Badger v. Upper Darby Township,* 348 Pa. 551, 36 A.2d 507 (1944) it was said that:

"There are similar [notice] acts in many other states, but most of them omit the provision which gives the court the power to permit an action to be brought, even though the prescribed notice has not been filed, if a reasonable excuse to account for such failure is presented. Our own legislature apparently recognized that there might be cases where worthy claims would be defeated if the requirement of notice were to be rigidly and inexorably enforced even where the circumstances were such that the object of the statute was otherwise accomplished. Accordingly it gave to the courts a measure of discretion which, in the absence of such a provision, they would not have been permitted to exercise." *Badger, supra.*

It has been stated that, with this clause, " . . . the legislature gave the courts the authority to control the situation so that in any overly meticulous and pedantic erection of barriers, built on non-notice, justice itself might not be shut out." *Zack v. Borough of Saxonburg, supra.*

"Reasonable excuse" has been defined in the Pennsylvania Supreme Court case of *Yurechko v. County of Allegheny,* 430 Pa. 325, 243 A.2d 372 (1968). It was there said that the subject clause has two basic elements: (1) negligence of counsel in failing to give the required notice (and certainly if ignorance of counsel is a reasonable excuse for failure to file the required notice, ignorance of a

layman plaintiff is also a reasonable excuse) coupled with (2) a determination that the want of notice was not unduly harmful to the defendant. With regard to the latter element, it has been said that cases which have construed the notice statute have emphasized that the determination of lack of timeliness must give significant consideration to any undue hardship which the governmental entity may have suffered. *Dubin v. Southeastern Pennsylvania Transportation Authority*, 219 Pa. Super. 476, 281 A.2d 711 (1971).

However, as the notice statute progressed through its metamorphosis, a legal caveat attached to it seems to have changed also. At an earlier time the burden was placed upon the governmental entity to show not only that the claimant failed to file written notice of his claim within the six-month period, but further that, as a result of his tardiness, the said entity had been unduly pressed to delve into the circumstances of the case and so was unable to disclose properly the events and conditions which led to the mishap and had thus suffered undue hardship. *Yurechko v. County of Allegheny, supra; Pearrell v. City of Farrell*, 52 D.&C. 2d 502 (1971). Now, apparently, the governmental unit does not have a burden of showing it was prejudiced by lack of timely notice. In *Graffigna v. City of Philadelphia*, 98 Pa. Commw. 624, 512 A.2d 91 (1986) it was held that a government unit need not show that it was prejudiced by lack of timely notice and that the statute imports no such requirement. (In that case the claimant proceeded not on the basis of reasonable excuse for failing to comply with the notice requirement but on constructive notice. However, it appears that this holding would obtain in either event.) This transition has been explained in the case of *Rohrbach v. City of Harrisburg*, 45

D.&C. 3d 233 (1987) on the basis that since *Yurechko v. Allegheny County, supra,* the law in question has been amended several times and each time the General Assembly has failed to legislate the *Yurechko* requirement that the government unit have the burden of showing undue hardship to prevent a tardy plaintiff from bringing suit against it. This does not detract from the Supreme Court definition, in *Yurechko,* as to what constitutes a reasonable excuse. In our opinion, we can still consider ignorance of the layman or his counsel and lack of hardship upon the government entity in determining same.

Reasonable excuses have been judicially categorized as follows: (a) situations in which actual notice of a claim was presented in a way other than that prescribed by statute; (b) situations in which governmental officials knew of an accident and either conducted an investigation or had ample opportunity to do so; (c) circumstances present at or occurring near to the time of the accident from which the court can conclude that the governmental unit will not suffer any undue hardship on account of the delay in investigation; (d) cases involving elements of equitable estoppel where the said unit unintentionally misinformed the plaintiff and such misrepresentation was plausible. *Belicka v. City of Lebanon,* 11 Lebanon Leg. J. 206 (1967).

In the present case plaintiff's ignorance of the statutory requirement of notice can be excused by the grace afforded in *Yurechko.* Further, the second element of reasonable excuse i.e., a determination that the want of notice was not unduly harmful to defendant, comes under item (b) above. Cases in which knowledge of the defendant's employees is the basis for reasonable excuse are a multitude. *Badger v. Upper Darby Township, supra; Zack v.*

*Borough of Saxonburg, supra; Parks v. Borough of Clarion,* 392 Pa. 265, 140 A.2d 448 (1958); *Martini v. School District of the Borough of Olyphant,* 54 Lacka. Jur. 58 (1952); *Mummert v. Besic,* 15 D.&C. 2d 752 (1958); and *Hartman v. The Upper Dauphin Area High School District,* 98 Dauphin Rep. 332 (1976) all deal with situations where the defendants' employees were aware of the accident and its attendant circumstances within the six-month period.

In the case at bar, plaintiff, himself an employee of defendant, has executed an affidavit to the effect that he discussed the accident with his supervisor while still in the hospital with his injuries; that he discussed the circumstances of the accident with a highway designer of defendant, showing him pictures and informing him, within two months of the incident, he intended to sue defendant; that within three months of the accident, some 50 other employees of PennDOT were aware of the details of how, when and where the accident occurred; and that three to four months after the accident, he notified the PennDOT maintenance manager of the problem with the road. The governmental officials of PennDOT, therefore, knew of the accident and either conducted an investigation or had ample opportunity to do so. Plaintiff thus had a reasonable excuse for his failure to file a notice pursuant to section 5522.

## *Sovereignty*

Plaintiff argues his case comes under exception to sovereign immunity 42 Pa.C.S. §8522(4). We agree.

This subsection reads as follows:

"(4) *Commonwealth real estate, highways and*

*sidewalks* — A dangerous condition of commonwealth agency real estate and sidewalks, including commonwealth-owned real property, leaseholds in the possession of a commonwealth agency and commonwealth-owned real property leased by a commonwealth agency to private persons, and highways under the jurisdiction of a commonwealth agency, except conditions described in paragraph (5)."

It is paragraph (5) dealing with "potholes or sinkholes or other similar conditions created by natural elements" which defendant argues plaintiff really comes under and, since the commonwealth did not receive the requisite written notice of the hazard here involved, plaintiff cannot maintain his action. We do not believe that potholes or sinkholes or defects of like nature squares with a "hole eight feet deep" situated along the side of the highway as pleaded in paragraph 6 of plaintiff's complaint and therefore we do not consider this to be a pothole case.

That eminent jurist and legal scholar, Judge W.C. Sheely of Adams County, in *Templeton v. Hempt Brothers Inc.*, 42 D.&C. 3d 235 (1985) distinguished between paragraphs (4) and (5) in the following manner:

"We find that subsection 5 was intended by the legislature to have a narrow purpose. It specifically mentions 'potholes or sinkholes or other similar conditions.' It requires written notice before the commonwealth can be held liable for damages caused by these types of intermittent or random conditions. However, the dangerous conditions which are the result of other more permanent and long-term situations do not require notice under subsection 4 of the act. If the legislature had intended notice to be a requirement in subsection 4

534

it would have made that clear in the same manner it did in subsection 5. We find the facts in the instant case fall under subsection 4." *Templeton* at 241.

An alleged drop-off or very steep drop along side a road with a depth of eight feet inherently connotes an ongoing design defect with that roadway. Problems caused by improper design come under subsection (4). See *Manuella v. Sorgenfrei,* 46 Pa. Commw. 111, 405 A.2d 1131 (1979).

We further believe the subject situation meets the dangerous condition state of affairs referred to in subsection (4). "Dangerous condition," as used in the subsection, has been defined to mean "a state of affairs that hampers or impedes or requires correction." *Mistecka v. Commonwealth,* 46 Pa. Commw. 267, 273, 408 A.2d 159, 162 (1979). To state a cause of action with subsection (4) Molinaro had to plead a state of affairs that hampers or impedes or requires correction. *Preteroti v. Uniservice Inc.,* 51 Pa. Commw. 74, 413 A.2d 787 (1980). Plaintiff has brought himself under this criteria. He has pled, in his paragraph 8, that a serious and dangerous condition existed at the accident location. In 8(a) he alleged a continuing drop-off from the traveled portion of the roadway. We also note that it is for the jury to determine whether the condition was in fact dangerous. *Wyke v. Ward,* 81 Pa. Commw. 392, 474 A.2d 375 (1984).

On this same subject, it should be observed once again that Pa.R.C.P. 1035 permits us to enter summary judgment only where the moving party demonstrates clearly that there is no genuine issue of material fact. *Acker v. Palena,* 260 Pa. Super. 214, 393 A.2d 1230 (1978). In paragraph 4 of his complaint, Molinaro alleges his presence on Route 507 at a certain time and date. In paragraph 5 he alleges that defendant has exclusive care, custody and

control of the accident site. In paragraph 6 of his complaint plaintiff avers an eight-foot-deep hole alongside a public highway. Defendant responded to each paragraph by denying the allegation, alleging it was without sufficient knowledge or information to form a belief as to the truth of averment and demanded strict proof at trial. By the terms of PennDOT's own pleading issues of fact have been raised at least some of which appear to us to be material. *Washington v. Cuyler,* 48 Pa. Commw. 409, 409 A.2d 974 (1980).

## ORDER

Now, July 31, 1989, for the reasons set forth in the accompanying opinion the motion for summary judgment of defendant, Commonwealth of Pennsylvania, Department of Transportation, is denied.