O'Hara *v.* Scranton, Appellant.

138

Argued January 31, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Jerome K. Barrett,* with him *David J. Davis,* Assistant City Solicitors, and *Jerome I. Myers,* City Solicitor, for appellant.

*Alphonsus L. Casey,* with him *Myron A. Pinkus,* for appellee.

OPINION BY MR. JUSTICE LINN, March 24, 1941:
There was sufficient evidence to determine whether the crosswalk, on which plaintiff was injured, was kept

in the condition required by law. The verdict establishes that the city failed in its duty. The complaints now are that the amount of the verdict, $7,000, is excessive; that only one judge sat at the argument for the new trial, and that the Act of July 1, 1937, P. L. 2547, 53 PS § 2774, was misunderstood.

(1) The amount of the verdict is questioned on two grounds: (a) that it is excessive and (b) that there was error in charging "If you give any award for pain and suffering in the future you must reduce the amount of it to what it is worth at present. Apply the rule of present worth. . . ." That of course was an erroneous instruction (*Yost v. West Penn Rys. Co.*, 336 Pa. 407, 410, 9 A. 2d 368), but, as it was favorable to the city, the error was harmless. The complaint that the record does not justify a verdict in the sum of $7,000 is serious. The plaintiff was a widow, 54 years of age, at the date of the injury, employed on a WPA sewing project earning $60.50 per month. She had been engaged in that occupation for two months; but, up to the time of the trial, had not again been so employed. There is nothing to show that she had not since been capable of performing the same kind of work. Prior to the WPA employment, she kept her own house and "done day work—work by the day . . . house cleaning, scrubbing, and washing and ironing"—but there is no evidence to show how much of her time was so occupied, and no evidence to show what compensation she received. Before an adult may recover for loss of future earning power there must be evidence that will support a verdict based on it: *Campbell v. Philadelphia*, 252 Pa. 387, 390, 97 A. 456; *Zimmerman v. Weinroth*, 272 Pa. 537, 540, 116 A. 510.

We think the amount of the verdict rendered cannot be supported and that we must apply the provisions of the Act of May 20, 1891, P. L. 101, 12 PS § 1164, and cases construing it.

Plaintiff suffered a transverse fracture of the right femur. In treating the injury it was necessary to keep the bone in place by weights attached to a Kirschner wire inserted in a hole drilled through the lower part of the leg; her leg was suspended in that way for about eight weeks with resulting pain and discomfort. She was discharged from the hospital three months after the accident and for about two months used a wheel chair and, later, crutches. At the time of trial, two years after the date of injury, she was still slightly lame as the result of a shortening of the leg and used a cane. The doctor testified that this condition would be permanent. There was, of course, pain and suffering. Expenses for medical, hospital and nursing services in the sum of $702.00 were proved.

This was the second trial of the case. On the first trial the jury disagreed. Instead of subjecting the parties to the expense of further litigation we think, in the light of the record, that the plaintiff will be adequately compensated by a judgment in the sum of $5600.

(2) There is nothing whatever in the objection that the motion for a new trial was not heard by the court in banc. The rule requiring such a hearing is well settled (*Iacovino v. Caterino,* 336 Pa. 308, 9 A. 2d 620) and we have no desire to limit its application, but the facts in this case take it out of the rule, as fully appears in this quotation from the opinion of the learned court below:

"The case was listed for regular argument list as No. 12, for June 3, 1940, as appears in Argument List Docket No. 14, page 353.. At the call of the list on June 3, 1940, the case was continued at the request of the parties concerned and marked for argument for July 17, 1940. Subsequently, in accordance with Lackawanna County Rule of Court No. 111, counsel for each party separately filed præcipes directing the Prothonotary to place the case on the list for argument on the said date, July 17, 1940.

"In Lackawanna County Court Rule No. 112 we find the following: 'All other arguments shall be returnable regularly to argument court. Rules may be returnable sooner by leave of court.'

"The omitted parts of Rule 112 refer to intermediate argument dates for motions on pleadings, but the intent of the rule is that all arguments other than on such motions will be heard at regular argument courts, unless by leave of Court.

"July 17, 1940, was a Wednesday in vacation, the formal terms of Court having closed with the argument week for May Term, 1940, which was held during the week of June 3rd. The next regular session of Argument Court subsequent thereto would be for September Term, 1940, and would commence October 14, 1940. During the summer vacation, Motion Court is held once a week, on Wednesdays, and one Judge is assigned to preside over sessions of Motion Court for specific periods of the summer vacation. In this instance the Hon. T. L. HOBAN was the Judge assigned to preside at Motion Court during the month of July, 1940, and the other Judges were on vacation.

"On July 17, 1940, Judge HOBAN alone appeared in Motion Court, disposed of such motions as were presented and then proceeded to hear the arguments on the rules for judgment n. o. v. and for a new trial in the instant case. Neither Counsel made any protest at having these rules argued before Judge HOBAN alone, nor did they request the presence of any other member of the Court to participate in the hearing."

We have no doubt that if the city had desired to have the motion for a new trial heard before additional judges, the argument would have been continued until the autumn when the other judges would have been available. As the city made no objection then to proceeding with the argument before the court as constituted pursuant to the rules stated, it is too late to make it now.

142

(3) The Act of July 1, 1937, provides that anyone claiming damages from the municipality on the ground of negligence, shall, within six months from the date of the origin of the claim or of the negligence complained of, file in the office of the clerk or secretary of such municipality a written notice of the claim "stating briefly the facts upon which the claim is based. . . . No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

We do not understand the city's objection. The record shows that a notice dated May 12th complaining of the injury on the preceding April 29th, was given to the City Council. A statement of claim was filed September 13, 1938, within the six months period; in addition, the record shows a stipulation of counsel for both sides that the written notice was received by the city council on May 12th and was filed with the city clerk.

The amount of the judgment appealed from is reduced to $5600 and, so reduced, the judgment is affirmed.