Eisenhauer, Appellant, *v.* Cleveland Township.

Argued October 26, 1943.    Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ. (STADT-
FELD and RENO, JJ., absent).

*Charles C. Lark,* with·him *J. Atlee Cryder,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY KELLER, P. J., January 27, 1944:

This plaintiff, as trustee ad litem,[1] recovered a verdict against the defendant township for damages sustained in the death of his minor daughter on March 21, 1940, from injuries received by her the day before, because of the negligent maintenance of a township road. The action was brought December 2, 1940, a little more than eight months after the accident.

After the verdict had been rendered the defendant moved for judgment non *obstante veredicto in its favor* on the ground that the plaintiff had failed to show a compliance with the Act of July 1, 1937, P. L. 2547, sec. 1, which provides that after its effective date "any person, etc. claiming damages from any ...... township ...... or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which

---

[1] See Rules of Civil Procedure, No. 2202(b).

the claim is based. Such notice shall be signed by *the person or persons* claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured." (Italics supplied). No such notice had been given in this case.

The court below ruled that the giving of written notice as prescribed in the act was mandatory and entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

It appears from the opinion of the court—by agreement of the parties, only a small part of the record was printed—that at the conclusion of the plaintiff's case, defendant moved for a compulsory non-suit, based on the failure of the plaintiff to comply with said provision of the Act of 1937. But the motion was denied so that the case might be heard on the merits and the question passed upon, if necessary, by a motion for judgment non obstante veredicto.

The testimony clearly established that one of the township supervisors had notice of the accident, which resulted in the death of the minor child, the same night that it occurred, and that accompanied by another supervisor, he went to the site of the accident the next morning—after the child's death—and made observations of the condition of the highway at the place where the car slipped and went over the embankment, and of the wheel tracks leading from the highway to where the car finally came to rest. The third supervisor consulted a lawyer about the matter the day after the accident, and on his advice the three supervisors, accompanied by two disinterested witnesses, went to the scene and made complete measurements and observations, and obtained all the information available for use

in defense of an anticipated action of trespass. It may be said to be definitely established that the giving of the notice prescribed by the Act of 1937 would not have aided the township in the preparation of its defense, and that the failure to give the notice did the township no harm.

The child was only five years old at the time of her death. She had no estate that would justify the taking out of letters of administration. Prior to September 4, 1939, the action to recover damages for her death would have to be brought by her parents, for under the Act of April 1, 1937, P. L. 196, amending the Act of April 26, 1855, P. L. 309, as already amended by Act of June 7, 1911, P. L. 678, her personal representative would only be entitled to bring an action in the event that she left no parents or other relatives entitled to recover damages for her death.

But on September 4, 1939 the Rules of Civil Procedure promulgated by the Supreme Court governing actions for wrongful death went into effect, and Rule 2202 provides:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages. ......"

It will be seen that under Rule 2202 no action could be brought by a *trustee ad litem* because of the child's death until six months after the death; and the notice prescribed by the Act of 1937 supra had to be filed "in the office of the *clerk* or *secretary*" of the township

*within* six months from the date of the origin of the claim or *within* six months from the date of the negligence complained of; and it had to be signed by the person or persons *claiming* damages [not, *entitled to* damages] or their representatives.

Under Rule 2202, while the parties ultimately entitled to the damages recovered in an action for wrongful death would be those named in the Act of April 26, 1855, P. L. 309, as amended, the *claim* must be made in an action brought by the personal representative of the dead person, or by a trustee ad litem—who must be *some* person, (not *every* person), entitled by law to recover damages—for the benefit of all persons entitled to share in the damages.

We understand that the failure to give the notice required by the Act of 1937 [2] was due to the fact that the attorney who then represented the parents, like many other lawyers, did not know of, or, at any rate, did not remember, that act; but the rule of civil procedure delaying the bringing of an action by a trustee ad litem for six months may have had some part in it. In any event, the notice was not given, and the question now before us is whether the neglect to give such notice imperatively bars a recovery in circumstances like the present, and where no benefit would have accrued to the defendant if such notice had been given and no harm was done it by the failure to give it.

The Act of 1937, supra, has been considered by our appellate courts in four cases.

---

[2] The Act of 1937 seems to have been drawn with reference to an incorporated municipality, such as a city or borough, which has an office and a clerk in charge of it. A sparsely settled rural township of the second class frequently has no office and no clerk, and a literal compliance with the requirement that a notice in writing of the claim must be filed "in the *office* of the clerk or secretary of such municipality," could not be literally complied with.

In *Lutz v. Scranton*, 140 Pa. Superior Ct. 139, 142-3, 13 A. 2d 121, this court held that the provisions of the act were sufficiently complied with by bringing an action, filing a sworn statement, and serving it on the proper municipal authorities within six months after the injury. We said, "In enacting the statute the legislature clearly intended to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims." We quoted, with approval, from the opinion of the court below: "To impale this plaintiff for failure to give notice as required under the act of Assembly when it already had sufficient notice in the filing of the plaintiff's statement of claim would be a denial of justice," and added: "This Act is to be construed as far as possible so as not to change or impair rights, liabilities or principles of law as they existed prior to its enactment."

In *O'Hara v. Scranton*, 342 Pa. 137, 19 A. 2d 114, the city moved to strike off the plaintiff's statement of claim because *it failed to aver* that notice had been given the city pursuant to the Act of 1937, and because *plaintiff did not file with the clerk or secretary* of the municipality a notice in writing of such claim, stating briefly the facts upon which the claim was based. The court below said,[3] inter alia, "A city of the second class has neither a clerk nor a secretary of the municipality, although the council have a clerk and the mayor has a secretary ...... The title of the Act of 1937, supra, provides that notice shall be served upon a municipality within six months. Under the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, the intention of the legislature may be ascertained by considering the mischief to be remedied and the object to be attained.

---

[3] See *O'Hara v. Scranton*, 35 D. & C. 42, 43.

The mischief to be remedied was that of having stale claims brought against the city long after there was any chance for the city to secure witnesses, and the object to be attained was the giving of notice to the municipality in time to prepare a defense. This is done in a city of the second class A by filing a statement of claim within six months from the date of the negligence or accident with the city solicitor. This having been done in the case at bar, the motion on that ground is overruled."

The Supreme Court, speaking through Mr. Justice LINN, gave short shrift to the technical contention of the city when it came before that court, saying (p. 142) : "We do not understand the city's objection. The record shows that a notice dated May 12th complaining of the injury on the preceding April 29th, was given to the City Council. A statement of claim was filed September 13, 1938, within the six months period; in addition, the record shows a stipulation of counsel for both sides that the written notice was received by the city council on May 12th and was filed with the city clerk,"

In *Matthews v. Plum Twp. et al.*, 152 Pa. Superior Ct. 544, 550, 33 A. 2d 38, we held that failure to give the notice required was not a *jurisdictional* defect, but went only to the right of *recovery;* holding, in substance, that the words, "No cause of action may be validly entered of record", in the Act of 1937, were similar in effect to the expression, "No action shall be brought", used in the Statute of Frauds of April 26, 1855, P. L. 308, sec. 1, and similar acts of assembly. We said: "None of [the foregoing decisions] gives any support to the contention that failure to give the notice required in the statute in order to support an enforceable claim is a *jurisdictional* defect. If it were so, it could not be waived, nor its failure excused, as the act itself provides for."

The case nearest like this one is *McBride v. Rome Township*, 347 Pa. 228, 32 A. 2d 212. There the acci-

dent in which the minor plaintiff was injured occurred on June 10, 1939, but no notice as provided by the Act of 1937 was filed with the secretary of the township, nor was any action brought on behalf of the minor or by his parents in their own right until May 9, 1940, eleven months after the accident. On May 15, 1940, a general appearance was entered for the defendant township, and on June 3, 1940 a rule for a more specific statement of claim was filed. In the meantime plaintiffs' counsel first became aware of the Act of 1937 and of their failure to comply with its terms and they then filed a petition asking leave to file notice of the claim with the township nunc pro tunc and that they be permitted to proceed to trial. The court below granted a rule to show cause, an answer was filed and testimony was taken. Mr. Justice PARKER, speaking for the Supreme Court, stated the facts as follows: "It appeared that counsel was employed by plaintiffs within a week after the accident, that the failure to give the required notice occurred either through counsel's negligence or ignorance of the law, and that the township commissioners learned of the accident within a few days thereafter and repaired the road within two weeks. The court below discharged the rule holding that it was without authority to allow the notice to be filed nunc pro tunc and that the petitioners had failed to show a reasonable excuse within the meaning of the statute." The opinion then proceeded: "The controlling facts are not in dispute. It therefore remains only to inquire whether the legal grounds on which the court below based its decision are tenable and whether the action of the court below amounted to an abuse of legal discretion: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 446, 112 A. 145. If this act had not contained an exception, the mandatory nature of the initial provisions of the act and the fact that previous notice was a condition precedent to the right to bring the

action would have prevented the court from granting the relief asked [citing cases]. The act does provide for relief where reasonable excuse is shown and the courts, when they had the power to do so, have frequently granted relief from conditions occasioned by the negligence of counsel. For example, we have frequently granted relief from a judgment entered by default where application was promptly made [citing cases]. In short, the appellate courts of this state have uniformly recognized the negligence of counsel as a reasonable ground for relief where the court has the power to grant such relief and it could be done without imposing undue hardship upon the opponents. We see no reason why the same indulgence should not be extended to a plaintiff that is extended to a defendant. We must assume in construing the provision in question that the legislature had in mind in including the exception in this act the decisions of the courts holding that negligence of counsel did furnish a reasonable excuse for relief. The claim of a minor is here involved and it would seem that no undue hardship was imposed upon the defendant, for the road commissioners within a few days after the accident knew of the condition which had caused the accident and repaired the defect in the road. This of itself would not have been the equivalent of notice (6 McQuillin on Municipal Corporations, §2888; Crocker v. Hartford, 66 Conn. 387, 34 A. 98), but it does have a bearing on the right to relief on the grounds claimed. We are all of the opinion that the relief requested should have been granted."

It will be noted that the statute provides that where there is a failure to file such notice within the time required by this act, no cause of action may be validly entered of record, except leave of court to enter such action *shall first have been secured,* upon a showing of a reasonable excuse for such failure to file said notice; that is, such leave must have been secured, on a showing

of a reasonable excuse, *before bringing the action*. That was not done in the *McBride* case. The application was made over a year after the accident and at least a month after bringing the action. However the Supreme Court was moved to grant the relief prayed for, nunc pro tunc, since the default was due to the negligence or oversight of counsel, and it clearly appeared that the township had not been harmed by the failure to give the notice ; even though the giving of notice so long after the accident and after the bringing of suit would be of no benefit to the township.

All of these cases reject an *absolutely literal* compliance with the act where it would amount to a denial of justice to an injured plaintiff, and not benefit the defendant municipality; and the *McBride* case deals leniently with a plaintiff whose counsel, through ignorance of the act, failed to give the required notice, but no harm thereby resulted to the defendant.

We think the leniency shown by the Supreme Court in the *McBride* case may properly be extended to the present case; for here we have, in addition to the negligence or oversight of counsel, a delay occasioned, to some degree, by a new Rule of Civil Procedure, to the workings of which counsel were unaccustomed; and the fact, clearly established, that the want of such written notice was not harmful to the defendant.

It is but fair to the learned judge, specially presiding in the court below, to state that the decision in *McBride v. Rome Township,* supra, was not filed by the Supreme Court until after the judgment appealed from was entered in the court below.

We do not sustain any of the constitutional objections to the Act of 1937 urged upon us by counsel for appellants.

The defendant does not object to the amount of the verdict. Hence we will consider the case as if the plaintiff had moved the court below for leave to file the

notice required by the Act of 1937, nunc pro tunc, and such leave had been granted, prior to the verdict of the jury.

Thus considered the judgment of the court below is reversed and judgment is directed to be entered on the verdict on payment of the jury fee.