Badger, Appellant, *v.* Upper Darby Township.

Argued January 7, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Ward C. Henry*, with him *Swartz, Campbell & Henry* and *George H. Class*, for appellant.

*Wm. J. MacCarter, Jr.*, with him *E. Walter Helm, 3rd*, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, March 20, 1944:

The Act of July 1, 1937, P. L. 2547, provides that any person claiming damages from a municipality, arising from the negligence of such municipality or any employe thereof, shall, within six months from the date of origin of the claim or the date of the negligence complained of, file in the office of the clerk or secretary of the municipality a notice in writing of the claim, stating briefly the facts upon which it is based. It further provides that "No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

The obvious purpose of this statute, as was said in *Lutz v. Scranton*, 140 Pa. Superior Ct. 139, 142, 13 A. A. 2d 121, 123, is "to provide municipalities with a safe-

guard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims." There are similar acts in many other States, but most of them omit the provision which gives the court the power to permit an action to be brought, even though the prescribed notice has not been filed, if a reasonable excuse to account for such failure is presented. Our own legislature apparently recognized that there might be cases where worthy claims would be defeated if the requirement of notice were to be rigidly and inexorably enforced even where the circumstances were such that the object of the statute was otherwise accomplished. Accordingly it gave to the courts a measure of discretion which, in the absence of such a provision, they would not have been permitted to exercise. In pursuance of the power thus granted it was held, in *McBride v. Rome Township*, 347 Pa. 228, 32 A. 2d 212, that a claimant was not barred of his action where it was shown that failure to file the notice was due to the negligence of counsel and also that no undue hardship was imposed upon the municipality, for the road commissioners within a few days after the accident knew of the condition which had caused the accident and repaired the defect in the road.

In the present case plaintiff, on June 23, 1941, allegedly sustained a fall upon a sidewalk located in defendant township as a result of which she suffered certain injuries. About a month later the accident was called to the attention of one of the township commissioners. Plaintiff employed counsel, who, on December 12, 1941, wrote a letter to New Amsterdam Casualty Company setting forth the date, place and nature of the accident, the injuries sustained, and the name and address of plaintiff's physician; the letter stated that counsel was informed that the casualty company carried insurance for the township against such accidents, and invited it to investigate the matter and to discuss an amicable adjustment of the claim. The company did not reply

to this letter until after the six months' period prescribed by the statute had expired, but, in answer to another letter from counsel on January 2, 1942, wrote to him on January 3, 1942, acknowledging receipt of his letter of December 12, 1941, and naming a physician whom, it stated, it had requested to communicate with him for the purpose of arranging for an examination of plaintiff. Suit upon the claim was started on June 1, 1942, and it was not until the filing of an affidavit of defense raising questions of law that plaintiff's counsel learned of the requirement as to the giving of a preliminary notice, the statute never previously having come to his attention. He thereupon discontinued the suit. On November 20, 1942, plaintiff filed a petition and obtained a rule thereon to show cause why she should not be allowed to maintain an action. While not all of the facts above recited were proved at the hearing on the petition by technically admissible evidence, there is no doubt as to their correctness. The court discharged the rule. At the argument on the present appeal counsel for defendant frankly admitted that New Amsterdam Casualty Company is in fact the insurance carrier for the township.

The relief sought by plaintiff being obtainable only by way of grace and not as of absolute right, the decision of the court below can be reversed only if there was an abuse of the power granted by the statute. It was said in *Garrett's Estate*, 335 Pa. 287, 292, 6 A.2d 858, 860: "In reviewing the exercise of discretionary power, it is impracticable to lay down a general rule that will determine when such a petition should be granted and when it should be refused. The circumstances of the particular case must control." In determining, in its discretion, whether a failure to file the notice prescribed by the act should be excused a weighty circumstance to be considered by the court is whether or not the municipality has suffered any undue hardship. Here there is nothing to indicate that it did so suffer. Of controlling importance is the fact that within the prescribed period the insur-

ance company was notified that claim was being made, was furnished with the essential facts in regard to the accident, and, by designating a physician to examine plaintiff, apparently admitted its responsibility to investigate the claim. If, as would appear, the insurance company is the real party in interest, a decision denying plaintiff the right to prosecute her claim because of failure to give written notice to the township would be one of sheer literalism, for, had such notice been given, the township would undoubtedly, in due course, have turned it over to the company to which plaintiff's counsel had sent it in the first instance. It is not unusual for lawyers representing claimants in accident cases to communicate with insurance companies directly rather than with defendants, since the former control the negotiations for settlement and prepare the defense in case of litigation. We are of opinion that, under all the circumstances here present, the discharge of plaintiff's rule was an abuse by the court of the discretion vested in it by the statute.

Order reversed; plaintiff to pay the costs to date.