**HOUSLEY v. CITY OF PHILADELPHIA (NATIONAL AIRLINES, INC. et al. third-party defendant).**

No. 13145.

United States District Court
E. D. Pennsylvania.

Aug. 26, 1952.

———◆———

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Abraham L. Freedman, Israel K. Levy, Philadelphia, Pa., for defendant, City of Philadelphia.

Joseph Henderson of Rawle & Henderson, Philadelphia, Pa., for National Airlines, Inc., defendant.

GRIM, District Judge.

On January 14, 1951, an airplane owned and operated by National Airlines, Inc. crashed while landing at the Philadelphia International Airport, killing among others the stewardess of the airplane. Averring that the accident was caused by the negligent manner in which the City of Philadelphia operated, maintained and supervised the airport, the administrator of the estate of the deceased stewardess, on January 7, 1952, filed this suit against the City of Philadelphia for the death of the decedent under the provisions of the Pennsylvania Wrongful Death Act and of the Pennsylvania Survival Act, 12 P.S. § 1601 et seq., 20 P.S. § 771, c. 3, Appendix.

On January 15, 1952, the defendant filed its Answer to the Complaint, averring among other things that plaintiff failed to give notice of the claim as required by the Pennsylvania Act of July 1, 1937, P.L. 2547, 53 P.S. § 2774, which provides in part that any person claiming damages from a municipality arising by reason of negligence of the municipality shall within six months from the date of the negligence complained of "file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based."

On January 17, 1952, plaintiff, in effect, admitting that he had not given notice within six months, filed a petition in this court, captioned "Motion for Leave to File Action in the United States District Court Against the City of Philadelphia After the Expiration of Six Months from the Date of the Occurrence." He requested in his petition " * * * leave to file this suit at this time nunc pro tunc." This petition was filed under another provision of the beforementioned Pennsylvania Act of July 1, 1937, which states that "No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

The first question before me in this case is whether or not an explanation has been

given which is reasonable enough to excuse the failure to give the required notice within six months.[1]

■ What constitutes a reasonable excuse for failing to give the required notice within six months has been considered by the Pennsylvania courts on several occasions. In Eisenhauer v. Cleveland Tp., 154 Pa.Super. 206, 35 A.2d 570; McBride v. Rome Tp., 347 Pa. 228, 32 A.2d 212, and in Badger v. Upper Darby Tp., 348 Pa. 551, 36 A.2d 507, notice was not given within the period of six months because plaintiff's attorneys did not know that it was required, and it was decided that counsel's negligence or ignorance of the law was a reasonable excuse. In the present case plaintiff, who is a resident of Tennessee, had no counsel for the beginning of the present action within six months of the date of the airplane accident and he did not know that the law of Pennsylvania required the giving of a notice of the claim within six months of the date of the accident.[2] Therefore, the excuse for not giving the notice in the proper time in the present case is the ignorance of the plaintiff himself. Certainly if ignorance of counsel is a reasonable excuse for the failure to give the required notice, ignorance of a layman plaintiff is also a reasonable excuse, unless the defendant has been prejudiced or harmed by the failure to give notice.

■ The airplane accident in which plaintiff's decedent was killed was a notorious event which received great publicity in the Philadelphia newspapers. Shortly after the accident it was the subject of an intensive investigation by the Aeronautics Bureau of the City of Philadelphia, the Pennsylvania Aeronautics Commission, the Civil Aeronautics Board and the Civil Aeronautics Administration of the federal government. In the hearings the facts of the accident were developed thoroughly and the testimony of the witnesses transcribed. Counsel for the City of Philadelphia in substance admits this, but says that although the City was informed of all the facts of the accident it was never informed that a claim would be filed against it, and contends that the City has been harmed because it did not know that a claim would be filed against it. One of the biggest issues in the present suit will be whether or not the City of Philadelphia was at fault in its operation of the International Airport. One of the most important questions in the hearings which were held as a result of the accident was who or what was the cause of the accident. In developing the answer to this question the negligence, if any, of the City and of all other parties to the accident must have been brought out, and the names of the witnesses must have been discovered. This is precisely what the City would have wanted and would have worked on in preparation for the trial if it had been given notice of the claim within six month. In my opinion the City has in no way been prejudiced or harmed by the failure of the plaintiff to file notice of his claim within six months of the time of the accident, nor by the fact that it did not know within six months that a claim would be filed against it.

The second question in the case is raised by the contention of the City of Philadelphia that the failure of the plaintiff cannot

1. The problem presented by this situation has been brought before the courts in a number of ways. In Lutz v. City of Scranton, 140 Pa.Super. 139, 13 A.2d 121, in Eisenhauer v. Cleveland Tp., 154 Pa. Super. 206, 35 A.2d 570, and in O'Hara v. City of Scranton, 342 Pa. 137, 19 A. 2d 114, the question came up on motions by the defendants for judgment n. o. v. after verdicts for the plaintiffs. In McBride v. Rome Township, 347 Pa. 228, 32 A.2d 212, 214, the question was raised after institution of the suit by a "petition asking leave to file notice of the claim with the township nunc pro tunc and asking that the suit started be allowed to stand and that they [the plaintiffs] be permitted to proceed to trial." In Badger v. Upper Darby Tp., 348 Pa. 551, 36 A.2d 507, 508, before the institution of her suit, the plaintiff (having discontinued her first suit) "filed a petition and obtained a rule thereon to show cause why she should not be allowed to maintain an action."

2. This is admitted by defendant in a letter which is part of the record in the case.

be excused at this time because of the one year statute of limitations in death actions.[3]

A careful reading of the section of the Act of 1937 permitting a court to excuse a failure to give notice within six months indicates that the creators of the statute expected that when there would be a failure to give notice within six months, the prospective plaintiff, before bringing suit, would request from the court permission to file the suit despite the failure to give notice. The statute states: "No cause of action may be validly entered * * * except leave of court * * * shall *first* have been secured." (Italics supplied.) It might seem, therefore, that since leave of court was not "first" secured in the present case, no valid action has been entered and that in the death action to excuse at this time the failure to give notice within six months would violate the one year statute of limitations.

▮ The Pennsylvania courts, whose decisions control this court in the construction of the statute, on several occasions have considered the effect of bringing an action when no leave of court had been obtained before the filing of the suit. In Lutz v. City of Scranton, 140 Pa.Super. 139, at page 143, 13 A.2d 121, at page 123, where it was decided that the filing of the suit and service of the complaint constitutes a proper notice of the claim, the Pennsylvania Superior Court said:

"This Act does not expressly create a condition precedent. It contains no words indicating an intent to create a condition precedent, nor does it contain any words indicating any intent to impair the right of action."

In Matthews v. Plum Tp. & School Dist., 152 Pa.Super. 544, at page 550, 33 A.2d 38, at page 41, the Pennsylvania Superior Court said:

"The Act of 1937 has been considered by this court in Lutz v. [City of] Scranton, 140 Pa.Super. 139, 13 A.2d 121, and by the Supreme Court in O'Hara v. [City of] Scranton, 342 Pa. 137, 19 A.2d 114, and McBride v. Township of Rome, 347 Pa. 228, 32

A.2d 212 * * *. None of them gives any support to the contention that failure to give the notice required in the statute in order to support an enforceable claim is a jurisdictional defect. If it were so, it could not be waived, nor its failure excused, as the act itself provides for. Like the statute of frauds and similar statutes, it goes to the recovery under the cause of action, not the jurisdiction. The bringing of an original action is not affected by the Statute of 1937 in such a way as to place it in the same category as the filing of appeals from a justice of the peace in the common pleas, or the taking of an appeal to the Supreme or Superior Court from a judgment of a court of record, which must be done within the time limited by the statute authorizing the appeal, or the appeal will be stricken off or quashed."

McBride v. Rome Tp., 347 Pa. 228, 32 A. 2d 212, was a case in which notice had not been given within six months and suit was filed thereafter before leave of court had been obtained. A petition was filed in the trial court after the bringing of the suit requesting leave to file notice of the claim nunc pro tunc and for an order allowing the suit to stand. The Pennsylvania Supreme Court permitted both things. It permitted the notice to be given nunc pro tunc and it allowed the suit to stand, thereby validating everything which had been done in the action back to the bringing of the suit.

▮▮ It is clear, therefore, that under the Pennsylvania decisions when a suit is instituted before notice has been given a certain amount of life is breathed into the action, which life remains until it later is determined by the court in the proper exercise of its discretion whether life should remain in the suit to the end or whether the uncertain life of the suit should be terminated. Although the statute says that no action may be "validly entered" unless permission "shall first have been secured" under the Pennsylvania decisions, an action may be entered and later validated by the

3. The contention does not cover the survival action.

court, and when it is validated the validation relates back to the date of the entry of the action. In view of this construction of the statute the death action in the present case (and, of course, the survival action) is not barred by the statute of limitations.

And now, August 26, 1952, the request of the petitioner is granted and, in accordance with the request in the petition, leave is given to the plaintiff to file his action after the expiration of six months from the date of occurrence, and leave is given to file this suit nunc pro tunc; also, the failure of the plaintiff to give notice to the City of Philadelphia within six months of the date of occurrence is excused, and the within action is hereby validated so that it can proceed to final determination on its merits.