**Derr v. Reading Company et al.**

*J. Lawrence Grim,* for plaintiff.

*Ross & Smith,* for defendant, Borough of Sellersville.

SATTERTHWAITE, J., December 4, 1953. — In this negligence action in which the Borough of Sellersville is joined as a codefendant, the sole question is whether the failure of plaintiff to allege notice to the munici-

pality of the accident, which occurred more than six months prior to the institution of suit, may be availed of by the borough on preliminary objections in the nature of a demurrer to the complaint or, alternatively, whether the borough is required to answer and raise this defense by way of new matter.

The Act of July 1, 1937, P. L. 2547, 53 PS §2774, requiring a person claiming damages arising from the alleged negligence of a municipal corporation to give notice of such claim within six months therefrom, further provides as follows:

"No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

Prior to the effective date of Pa. R. C. P. 1045 (c) there were several lower court cases which had permitted a municipality to interpose this bar to recovery by affidavit of defense raising questions of law (Barnett v. Borough of Aliquippa et al., 37 D. & C. 521; Malenkaitus v. Horwitz et al., 47 D. & C. 643) and, although the appellate courts have never passed on the question directly, there is language in the opinions of the earlier cases leading to the conclusion that the same result would there obtain also. In McBride et al. v. Rome Township, 347 Pa. 228, for example, the court referred, on page 230, to the mandatory nature of the requirement of the act of assembly and expressly labeled compliance therewith a condition precedent to the very right to sue (unless suit be brought and pleadings served within the six-month period: Lutz v. Scranton, 140 Pa. Superior Ct. 139) ; see also, to the same effect, Eisenhauer v. Cleveland Township, 154 Pa. Superior Ct. 206, 214-15.

Plaintiff, however, while apparently conceding that

this was the law prior to the promulgation of the Supreme Court Rules of Civil Procedure relating to actions at law, contends that Pa. R. C. P. 1045 (c), incorporating Pa. R. C. P. 1030 by reference into the practice prescribed for trespass cases, compels the pleading of a statute of limitations as affirmative new matter in a responsive answer by the borough and that, for tactical purposes in his suit against the other defendant, it is important to him to have the borough answer the complaint on the merits.

Although we have neither found nor been referred to any case expressly passing on this question, there are two decisions which would tend to negative plaintiff's position: One is Shaffer et al. v. Belletierre et al., 73 D. & C. 558, where the City of Philadelphia, having been joined as an additional defendant in a negligence action, filed an answer on the merits raising the Act of 1937 as new matter. Original defendant then petitioned for leave to file his complaint against the city nunc pro tunc, averring facts which he contended amounted to reasonable excuse for failure to give the notice. The court dismissed the petition on the merits, but observed, by footnote on page 562, that the city should have raised the question by prelminary objections. The other is Martini et al. v. Olyphant Borough School District, 83 D. & C. 206, where the question of lack of notice was raised and disposed of on preliminary objections by the school district, the court finding on the merits that there was reasonable excuse for not giving notice. No mention was made of the procedural question.

We do believe, however, that the notice requirement of the Act of July 1, 1937, P. L. 2547, is not a statute of limitations within the meaning of Pa. R. C. P. 1030, but is rather a condition on the right of the action itself which must be affirmatively established by plaintiff's pleadings and proofs, and that failure in this respect

may be availed of on preliminary objections in the nature of a demurrer. In the absence of a showing of compliance therewith, plaintiff has failed to make out a case. An analogous situation is that where a tenant sued for treble damages under Federal rent control legislation which itself expressly limited the right of action to overcharges incurred within one year prior to suit; the Court of Common Pleas of Montgomery County in Ambers et ux. v. Girondo, 69 D. & C. 15, held that preliminary objections to the claim should be sustained insofar as it extended beyond the one-year period. The procedural question was expressly decided, Judge Dannehower observing at page 19:

"Where time is made the essence of the right created and there is no right of action except within the time limitation, the statute need not be pleaded as a defense, but may be taken advantage of on demurrer or the statutory equivalent: Com. ex rel. Fenton Storage Co. v. McClane, Admx., 154 Pa. Superior Ct. 246, 248 (1944)."

Another analogous case is Swartz et ux. v. Great American Insurance Company, 78 D. & C. 376, where a suit on a policy of fire insurance was not commenced within one year from the date of the loss as required by the policy. The Court of Common Pleas of York County, in an extensive opinion referring to other authorities, sustained preliminary objections to the complaint on this ground, expressly holding that defendant was not required by Pa. R. C. P. 1030 to plead this question as new matter in an answer on the merits since it did not involve a statute of limitations, observing, at page 378:

"However, there is a sharp distinction between general statutes of limitations and statutes which qualify the substantive rights of parties by a time limitation within which to enforce the right."

Under the principles of these and other cases, we believe that the within preliminary objections are properly before the court and should be sustained. Inasmuch as it was conceded at the argument that no notice was in fact given to defendant borough, no useful purposes would be served by permitting plaintiff to amend and judgment should be entered in favor of municipal defendant.

*Order*

And now, December 4, 1953, the preliminary objections of defendant Borough of Sellersville to plaintiff's complaint are hereby sustained and judgment is hereby entered in favor of defendant, without prejudice to the right of plaintiff to proceed in accordance with law against the other defendant.