## Zack, Appellant, v. Saxonburg Borough.

464

Argued October 2, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Hugh S. Millar,* with him *J. Campbell Brandon, Brandon, Millar & Rockenstein,* and *Evans, Ivory & Evans,* for appellants.

*William C. Robinson,* with him *Zeno F. Henninger,* and *Henninger & Robinson,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, November 12, 1956:

We have before us interpretation of the Act of July 1, 1937, P. L. 2547, 53 PS 2774, which provides: "Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

It is obvious that "In enacting the statute the legislature clearly intended to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims." (*Lutz v. Scranton*, 140 Pa. Superior Ct. 139). The question we have to decide here is whether there can be conditions which will excuse a rigid and literal enforcement of the Act against one who fails to file notice within the time specified but who otherwise appears to have a legitimate, plausible prima facie claim against the municipality.

In the case at bar Ruth Zack, a 16-year old girl, while participating as a member of the Turtle Creek

Bugle and Drum Corps parading in Saxonburg, fell on a defective sidewalk in the latter town and suffered serious injuries. The accident occurred on July 23, 1953, but the statement of claim by the minor plaintiff and her parents against the Borough of Saxonburg and Eva Knoch, who owned the premises adjoining the involved sidewalk, plus Harry A. Nixon, who rented the property, was not filed until July 19, 1955. Written notice of the accident was not served on the defendants at any time. The defendant Borough filed preliminary objections with a motion to dismiss the complaint on the grounds, inter alia, that the plaintiffs had failed to observe the requirements of the Act of 1937. The lower Court sustained the preliminary objections on this phase and dismissed the complaint. This appeal followed.

The question presented is not a novel one in our appellate courts. In the case of *McBride v. Rome Township,* 347 Pa. 228, the plaintiff was injured by a fall on an alleged negligently maintained township road. No notice of the accident was served on the municipality and the statement of claim was not filed until 11 months after the cause of action had arisen. At an even later date, when plaintiff's counsel realized he had ignored the Act of 1937, he petitioned the Court for leave to file notice nunc pro tunc. The Court granted a rule and testimony was taken. It developed at the hearing that although the municipality had not been formally notified by the plaintiff of the accident, the township commissioners learned of it a few days after it occurred and in fact ordered the road repaired, which repair was accomplished within two weeks. Nonetheless, the Court discharged the rule. We reversed and said: "The act does provide for relief where reasonable excuse is shown and the courts, when they

had the power so to do, have frequently granted relief from conditions occasioned by the negligence of counsel. For example, we have frequently granted relief from a judgment entered by default where application was promptly made. . . . In short, the appellate courts of this state have uniformly recognized the negligence of counsel as a reasonable ground for relief where the court has the power to grant such relief and it could be done without imposing undue hardship upon the opponents. We see no reason why the same indulgence should not be extended to a plaintiff that is extended to a defendant. We must assume in construing the provision in question that the legislature had in mind in including the exception in this act the decisions of the courts holding that negligence of counsel did furnish a reasonable excuse for relief."

We recently had occasion to consider the Act of 1937 in the case of *Badger v. Upper Darby Township*, 348 Pa. 551. There the accident took place on June 23, 1941 and suit was not filed until one year later. When the defendant, by affidavit of defense raising questions of law, pointed out the plaintiff's failure to file notice, plaintiff's counsel, having now for the first time learned of the Act of 1937, discontinued the suit. But on November 20, 1942, the plaintiff asked for a rule to show cause why she should not be allowed to proceed, despite her failure to give notice. It then developed that although the Township had not been officially notified of the plaintiff's mishap, the township commissioners had actual knowledge of it one month after it happened. Moreover, it came to light that plaintiff's counsel, about five and one-half months following the accident, had written to the casualty company carrying the township's insurance, inviting it to investigate the facts and consider an amicable adjustment of the claim. Three

months later the insurance company acknowledged plaintiff counsel's letter and advised that it had named a physician who would examine the plaintiff. The lower Court discharged the rule, but on appeal to this Court we said that in determining whether the lower Court had abused its discretion in refusing the rule we should take into consideration the "weighty circumstance" as to "whether or not the municipality has suffered any undue hardship." We held that the municipality had not so suffered and reversed: "Of controlling importance is the fact that within the prescribed period the insurance company was notified that claim was being made, was furnished with the essential facts in regard to the accident, and, by designating a physician to examine plaintiff, apparently admitted its responsibility to investigate the claim. If, as would appear, the insurance company is the real party in interest, a decision denying plaintiff the right to prosecute her claim because of failure to give written notice to the township would be one of sheer literalism, for, had such notice been given, the township would undoubtedly, in due course, have turned it over to the company to which plaintiff's counsel had sent it in the first instance . . . We are of opinion that, under all the circumstances here present, the discharge of plaintiff's rule was an abuse by the court of the discretion vested in it by the statute."

In the case of *Lutz v. Scranton,* supra, the plaintiff was injured on December 18, 1937 and filed statement of claim on March 2, 1938. Eight days later the City of Scranton entered a general appearance in the action and the case went to trial. When the plaintiff won a verdict the defendant moved for judgment n.o.v. because the plaintiff had neglected to comply with the Act of 1937. The lower Court refused the motion, say-

ing: "In the instant case the City had full notice when the plaintiff's statement was served upon it within a period of three and one-half months after the accident. The plaintiff's statement gave to the defendant city more information than is contemplated under the Act of Assembly. The law does not require one to perform a useless thing. To impale this plaintiff for failure to give notice as required under the Act of Assembly when it already had sufficient notice in the filing of the plaintiff's statement of claim would be a denial of justice."

On appeal to the Superior Court, the Superior Court said: "We are in entire agreement with the view of the court below. Such a holding does not deprive a municipality of one iota of the protection that the Act was designed to give. A proper statement of claim gives to the municipality considerably more information than is contemplated by the statute . . . This Act is to be construed as far as possible so as not to change or impair rights, liabilities or principles of law as they existed prior to its enactment. In order to justify binding instructions or the entering of judgment n.o.v., this Act would have to be construed to require the plaintiff in this case to aver and prove not only that notice was given within six months of the accident but to aver and prove that notice was given prior to suit. *This Act does not expressly create a condition precedent. It contains no words indicating an intent to create a condition precedent, nor does it contain any words indicating any intent to impair the right of action.*" (Emphasis supplied)

It will be observed from the decisions just cited and discussed, that while the Act of 1937 was intended to protect municipalities from meretricious and dishonest claimants, it did not intend to erect an artificial and insurmountable barrier against honest claimants. As

rapid and widespread as are the forces of publicity which record the passage of a law, a statute itself is not so trumpet-tongued that it instantaneously proclaims to every person in the land the fact of its newly created existence. Thus, if court doors are closed against an aggrieved person because of his faultless ignorance of a statutory requirement, the law will find the key to unlock the doors and allow him to present and argue his grievance, all to the end that no injustice may be done him. The Legislature provided in the very Act of 1937 that where the notice was not filed, a Court properly appealed to may allow "such action upon a showing of a reasonable excuse for such failure."

As already stated, the purpose of the Act was to assure municipalities that accidents involving possible liability to them would be reported within a reasonable period of time after they occurred. The vital thing was not that the report be made in an ironclad, inflexible, formalistic manner but that the municipality be informed of the facts which might result in litigation against it.

Was the Borough of Saxonburg in the case at bar adequately and with reasonable promptness informed of the incident which became the basis for the present lawsuit? The plaintiffs, in answering the preliminary objections of the Borough, said: "Plaintiff avers that the municipality had actual notice of plaintiffs' claim within six months of the date of said accident; that negotiations for payment of medical bills of minor plaintiff were carried on between the Drum & Bugle Corps of Turtle Creek and representatives of the Borough of Saxonburg; and that the insurance company for the Borough had made a full and complete investigation of all of the facts and circumstances surrounding the accident."

If the above be true, there can be little doubt that the Borough of Saxonburg was thoroughly apprised of the facts which underlay the plaintiffs' lawsuit and it would be unfair for it to say that, because of the Act of 1937, it could not know what was written in the book of factual knowledge. It could not protest that, because the data, material, and information required by the Act were not presented on paper of a certain format, they therefore could not be understood. It could not say that the report of the accident must be read through the glasses of a formal "notice" rather than through the spectacles of information obtained from an insurance company's investigation.

The Legislature might well have foreseen that where a claimant enters into direct negotiation with the municipality he could easily assume that the filing of a formal notice would be unnecessary and the mere piling up of superfluity on top of redundance. Thus the Legislature gave to the courts the authority to control the situation so that in any overly meticulous and pedantic erection of barriers, built on non-notice, justice itself might not be shut out.

It is to be noted that the Court below practically admitted that the facts in the case could call for a removal of the obstruction thrown up against the entry of a proper lawsuit provided appropriate action were taken by plaintiffs' counsel: "This Court cannot now on its own motion grant the leave to file the action *nunc pro tunc,* in spite of the fact that there appears such facts in this case on the matter of actual notice to the municipality as would bring the case under the case of Badger v. Upper Darby Township, 348 Pa. 551 (1944). The Court need not indicate or suggest what course it would take if proper leave of court had been made."

It must be clear, therefore, that under the circumstances, an abuse of discretion would be indicated if the Court below would refuse plaintiffs leave to continue the prosecution of their lawsuit.

The failure to ask for leave to file notice prior to the institution of the lawsuit did not work a jurisdictional defect. In *Matthews v. Plum Twp. & School District*, 152 Pa. Superior Ct. 544, the Superior Court clearly distinguished between cases like the present where the claim is originally enforceable by a suit but recovery thereof may be lost by a failure to give a suitable notice, and cases where the claim was never enforceable unless the statutory requirements were observed: "Whether the evidence on the trial may bring it within the provisions of the Act of 1937 can only be determined later. The Act of 1937 has been considered by this court in Lutz v. Scranton, 140 Pa. Superior Ct. 139, 13 A. 2d 121, and by the Supreme Court in O'Hara v. Scranton, 342 Pa. 137, 19 A. 2d 114, and McBride v. Township of Rome, 347 Pa. 228, 32 A. 2d 212. None of them gives any support to the contention that failure to give the notice required in the statute in order to support an enforceable claim is a *jurisdictional* defect. If it were so, it could not be waived, nor its failure excused, as the act itself provides for. Like the statute of frauds and similar statutes, it goes to the *recovery* under the cause of action, not the *jurisdiction*. The bringing of an original action is not affected by the Statute of 1937 in such a way as to place it in the same category as the filing of appeals from a justice of the peace in the common pleas, or the taking of an appeal to the Supreme or Superior Court from a judgment of a court of record, which must be done within the time limited by the statute authorizing the appeal, or the appeal will be stricken off or quashed . . ."

In the case of *Housley v. City of Philadelphia,* 107 F. Supp. 141, the United States Circuit Court of Appeals for the Third Circuit said: "It is clear, therefore, that under the Pennsylvania decisions when a suit is instituted before notice has been given a certain amount of life is breathed into the action, which life remains until it later is determined by the court in the proper exercise of its discretion whether life should remain in the suit to the end or whether the uncertain life of the suit should be terminated. Although the statute says that no action may be 'validly entered' unless permission 'shall first have been secured' under the Pennsylvania decisions, an action may be entered and later validated by the court, and when it is validated the validation relates back to the date of the entry of the action."

It thus follows that the failure to give written notice or the failure to petition for leave to file the notice nunc pro tunc prior to institution of the suit will not deprive the Court of jurisdiction to entertain the suit, because, even after suit has been begun, if it can be shown that there was reasonable excuse for not filing the notice and that the failure to file such notice has not worked a disadvantage to the municipality, the plaintiff may, upon leave of the Court, proceed with his lawsuit. Since it is not too late for the plaintiff to petition for such leave, the record is remanded for action appropriate to the circumstances.

It is also to be noted that the plaintiffs were not bound to plead compliance with the Statute for the reason, as above stated, that the notice in question was not a necessary ingredient of their cause of action. On the contrary, the failure of written notice was a matter of affirmative defense to be pleaded by the defendant under Rule 1030 of the Rules of Civil Procedure

(Goodrich-Amram, Civil Practice, Rule 2102 (b)-10 Annotations, page 282). The defendant's preliminary objections, therefore, cannot prevail.

Order reversed and case remitted for proceedings consistent with this Opinion.