## Mummert v. Besic

*Bailey & Rupp*, for plaintiff.

*Metzger, Wickersham & Knauss,* for defendant.

*Shelley, Reynolds & Lipsitt*, for additional defendant.

HERMAN, J., April 28, 1958.—The Act of July 1, 1937, P. L. 2547, sec. 1, 53 PS §5301, formerly sec. 2774, provides in part that:

"... any person ... claiming damages from any ... borough . . . or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date

of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

In the present case we are called upon to interpret this act where the municipality involved is an additional defendant brought on the record by the original defendant under Pa. R. C. P. 2252 at a time more than six months after the date of the alleged negligence, and therefore, more than six months after the origin of the claim of plaintiff against defendant, but within six months from the date the action was begun by plaintiff against defendant, where no notice in writing was filed in the office of the clerk or secretary of the municipality stating briefly the facts upon which the claim is based.

The case reaches us by way of the additional defendant's preliminary objections to the original defendant's complaint on a petition raising questions of jurisdiction and of lack of capacity to sue, and on demurrer, on the sole objection that there was no compliance with the Act of 1937 hereinbefore quoted.

Plaintiffs, David L. Mummert, a minor, by Lyman R. Mummert, his guardian, and Lyman R. Mummert in his own right, filed a complaint against Stephen J. Besic on March 12, 1957, alleging that on April 6, 1956, at about 11 p. m., David L. Mummert, a 17-year-old boy, was riding as a passenger in an automobile then owned and operated by Besic, in the Borough of Steelton, Dauphin County, that when the automobile

arrived at the intersection of an unnamed alley, in defendant's complaint against the additional defendant called River Alley, and Eleanor Street in the said borough, traveling in a reckless manner it crossed the intersection at an excessive speed, hitting a gutter there and stopping abruptly as the front of the car caught on a concrete manhole and manhole cover that stuck up about two inches from the surrounding surface of the street. It is alleged that David Mummert was thrown against and partially through the windshield, suffering injuries for which he sues.

The complaint was served on Besic by the sheriff of Dauphin County on March 15, 1957, and on March 25, 1957, an appearance was entered for him by attorneys, who on May 7, 1957, after service thereof was accepted by the attorney for the borough, filed the complaint against the additional defendant. This latter complaint alleged that the Borough of Steelton negligently permitted a large hole or defect to remain in the road bed of River Alley about four feet north of its intersection with Eleanor Street, and in addition thereto, permitted the manhole cover to protrude, that David L. Mummert suffered injuries either as a result of the borough's negligence, or jointly by the negligence of the borough and of defendant, Besic.

No answer was filed by defendant nor by the additional defendant, but depositions of Michael S. Zerance, borough secretary, were taken on December 31, 1957, and of John C. Sullivan, Steelton Borough policeman, Herman W. McLaughlin, an employe in the water department of the borough, Frank Albert, an employe in the water department, and Clarence F. Fisher, a Steelton Borough policeman, on January 9, 1958. On January 7, 1958, the additional defendant on petition had been granted leave to file preliminary objections, and they were duly filed on the same day.

The depositions of at least Zerance, who is an officer of the borough, can be here considered to show that the borough had actual notice of the accident the day after it occurred.

In view of all this, should the preliminary objections be sustained because the formal notice required by the Act of 1937 was not given?

Although the attorney for the additional defendant expresses some doubt as to the correctness of his procedure in raising the issue, we will assume for the purpose of this case that preliminary objections are proper.

In the case of Zach v. Saxonburg Borough, 386 Pa. 463 (1956), Justice Musmanno reviews a number of the cases in which the municipality involved was defendant rather than an additional defendant, and where it had not received the notice required by the 1937 Act. At page 465, the learned justice, partly quoting from an earlier case says:

"It is obvious that 'In enacting the statute the legislature clearly intended to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims.' (Lutz v. Scranton, 140 Pa. Superior Ct. 139). The question we have to decide here is whether there can be conditions which will excuse a rigid and literal enforcement of the Act against one who fails to file notice within the time specified but who otherwise appears to have a legitimate, plausible prima facie claim against the municipality."

The Lutz case, supra, (1940), from which Justice Musmanno quoted, appears to be the first appellate court case interpreting the 1937 Act. In that case plaintiff fell on a stairway of a bridge maintained by the City of Scranton, which bridge crossed a railroad

in that city. The accident occurred December 18, 1937. Suit was brought March 2, 1938, but no notice, other than the filing of the statement of claim, was given as required by the act. The suit proceeded to judgment, and on appeal to the Superior Court, one of the arguments advancd by appellant, City of Scranton, was this failure to aver notice. The Superior Court affirmed the lower court, saying, on page 142:

"The question here raised is whether or not appellee complied with the Act by filing her sworn statement of claim and serving it within three months after the injury as the record on its face indicates. On this issue the court below in its opinion stated: 'In the instant case the City had full notice when the plaintiff's statement was served upon it within a period of three and one-half months after the accident. The plaintiff's statement gave to the defendant City more information than is contemplated under the Act of Assembly. The law does not require one to perform a useless thing. To impale this plaintiff for failure to give notice as required under the Act of Assembly when it already had sufficient notice in the filing of the plaintiff's statement of claim would be a denial of justice. . . .'

"We are in entire agreement with the view of the court below. Such a holding does not deprive a municipality of one iota of the protection that the Act was designed to give. A proper statement of claim gives to the municipality considerably more information than is contemplated by the statute. The statement has the added virtue of having been made under oath. This Act is to be construed as far as possible so as not to change or impair rights, liabilities or principles of law as they existed prior to its enactment."

The question of whether or not there was a reasonable excuse for failure to give the formal notice was not raised.

The Lutz case was recognized by the Supreme Court in McBride v. Rome Township, 347 Pa. 228, (1943), in which Mr. Justice Parker says of the Lutz case: "The Superior Court held, following rulings in other jurisdictions, that where the action was brought and a statement of claim was filed within six months of the accident the *requirement of notice was thereby supplied.*" (Italics supplied). The Supreme Court then goes on to permit the action to stand where the failure to give the notice was due to counsel's negligence and the suit was not begun until *11* months after the accident.

The Superior Court again had the question before it in Matthews v. Plum Township and Plum Township School District, 152 Pa. Superior Ct. 544 (1943), in which plaintiff brought an action against both defendants, claiming $1,500 damages allegedly sustained by him in the construction and maintenance of a road which caused a percolation of creosote and barnyard filth into his well. Both defendants filed motions praying for dismissal of the action on the grounds of want of jurisdiction over defendants and of the cause of action, and assigned as one of the reasons therefor the fact that no notice was filed within six months from the date of the negligence. The lower court refused to dismiss the action, and this appeal was taken. In sustaining the lower court, the Superior Court points out that the requirements of the Act of 1937 relate to actions:

". . . arising from negligence. The plaintiff in this case does not ground his cause of action on negligence, but on nuisance, for which a municipality may in some circumstances be liable, if proved: (citing cases). Whether the evidence on the trial may bring it within the provisions of the Act of 1937 can only be determined later. The Act of 1937 has been considered by this court in Lutz v. Scranton, 140 Pa. Superior Ct.

139, 13 A. 2d 121, and by the Supreme Court in O'Hara v. Scranton, 342 Pa. 137, 19 A. 2d 114, and McBride v. Township of Rome, 347 Pa. 228, 32 A. 2d 212. None of them gives any support to the contention that failure to give the notice required in the statute in order to support an enforceable claim is a jurisdictional defect. If it were so, it could not be waived, nor its failure excused, as the act itself provides for."

For other cases in which the courts for one reason or another either permitted the formal notice to be given nunc pro tunc or found adequate notice in some other manner, see Badger v. Upper Darby Township, 348 Pa. 551 (1944) ; Eisenhauer v. Cleveland Township, 154 Pa. Superior Ct. 206 (1943) ; Johnson v. Glenolden Borough, 46 D. & C. 69 (1942) ; Housley v. City of Philadelphia, 107 F. Supp. 141 (1952) ; Bubb v. City of Sunbury, 37 D. & C. 399 (1940).

In the Eisenhauer case the action against the township was commenced a little more than *eight* months after the accident, no notice having previously been given. After verdict for plaintiff, judgment n. o. v. was given for defendant and plaintiff appealed. Judgment was reversed. The evidence clearly showed that the township had actual notice of the accident the same night it occurred, the court pointing out, at page 209:

"It may be said to be definitely established that the giving of notice prescribed by the Act of 1937 would not have aided the township in the preparation of its defense, and that the failure to give the notice did the township no harm."

After reviewing the Lutz, the O'Hara, the Plum Township and the McBride cases, the court points out further that:

"All of these cases reject an absolutely literal compliance with the act where it would amount to a denial of justice to an injured plaintiff, and not benefit the defendant municipality; . . ."

Although there appeared no request to file notice after the six months had expired, the appellate court considered the case as if plaintiff had moved the court below for leave to file the notice required by the Act of 1937, nunc pro tunc, and such leave had been granted prior to the verdict of the jury.

It seems clear to us that in the instant case as in the Eisenhauer case, supra, the municipality had actual notice of the accident in ample time to make an investigation and prepare a defense, that as in the Lutz case and the McBride case, supra, the complaint here filed by defendant against the municipality gave more information than was contemplated by the act. Not only was the municipality not prejudiced in any way by the failure to receive formal notice, but to deny defendant's action against the additional defendant in this case would be a denial of justice.

A number of lower courts have passed on this question where the lack of the formal notice was to an *additional* defendant brought on the record under Pa. R. C. P. 2252. The first such decision brought to our attention was that in the case of Diem v. Goldman, 40 D. & C. 448 (April 13, 1940). In that case the Washington County Court dismissed the action against the City of Monongahela, the additional defendant, on motion, on the grounds that defendant, who had given a written notice within the six month period after the accident occurred, was not the proper person under the act to give notice, since he was not claiming "damages" arising from the negligence of the municipality, and that the notice which was given to the mayor was not given to the proper person. At the time that opinion was written, the learned judge did not have the advantage of the Lutz case, supra, decided in May of 1940, the McBride case, supra, decided in 1943, the Plum Township case, supra, decided in 1943, Badger v. Upper Darby, decided in 1944, nor the Zack case de-

cided in 1956, all cases of our appellate courts in which notice was excused or found in some means other than by the formal notice required by the act. In any event we do not agree with the result of Diem v. Goldman.

In 1950 in Berks County, the court had this same question in Stevens v. Reading St. Railway Co. and City of Reading, additional defendant, 42 Berks 221. There the court refused to grant judgment on the pleadings in favor of the City of Reading. Plaintiff had sued defendant for damages alleging negligence in that the bus of defendant company permitted plaintiff to alight at a hole in the street. Defendant joined the City of Reading as an additional defendant. Plaintiffs had not given any notice to the city and the city therefore moved for judgment on the pleadings. It was held that although plaintiff could not have sued the city because the proper notice was not given, nevertheless if defendant joined the city on the theory of joint and several liability, and if the complaint alleged facts showing such liability, the action could be maintained on that theory, and no notice is required because defendant is not seeking to recover damages from the city, but merely a right to contribution. We believe this to be the correct theory of the law, and the one to be applied in the present case.

To the same effect is the reasoning in Shaffer v. Belletierre, 73 D. & C. 558 (1950), in Philadelphia; McColligan v. Gaffney, 75 D. & C. 601 (1950), in Lackawanna County; and Kehoe v. Warner J. Steel Company, Inc., 6 Bucks 138 (1956).

Counsel for the additional defendant has pointed out to us that the Act of 1937 is mandatory. If it were not for the latter portion thereof providing for an exception where reasonable excuse is shown, we might be inclined to agree, but because of this exception our courts have almost always found the excuse and permitted the action to continue, and in some instances

have not required the application to the court for leave to enter the action and for filing notice nunc pro tunc.

It is true, as counsel points out, that the mischief to be corrected was that of putting a municipality to a defense of stale and fraudulent claims, but here the facts show that the Borough of Steelton was in no way harmed by the lack of notice. The secretary of the borough visited the scene of the accident the day after it occurred, and two borough policemen visited it the same night of the accident, and the facts relied upon by defendant were supplied by his complaint against the municipality promptly after suit was begun against him.

By the Pennsylvania Rules of Civil Procedure and cases decided thereunder (Carlin v. Pennsylvania Power & Light Company, 363 Pa. 543 (1950) ; Zachrel v. Universal Oil Products Company, 355 Pa. 324 (1946) ; Wnek v. Boyle, 374 Pa. 27 (1953)), it appears that the fact that the statute of limitations may bar recovery by a plaintiff against an additional defendant will have no affect on defendant's right against additional defendant for contribution. Plaintiff's cause of action against the additional defendant, if he has any such cause of action, is distinct from the cause of action arising out of the additional defendant's duty to defendant. We think the same reasoning applies to this case, and even if plaintiff might be precluded from maintaining an action against the additional defendant because of his failure to give notice, nevertheless defendant may proceed in his action.

For all of these reasons we are of the opinion that the preliminary objections should be dismissed, and the action proceed, and we therefore make the following

### Order

And now, to wit, April 28, 1958, the preliminary objections of the additional defendant are hereby dismissed.