**Milton H. JOHNSON, Plaintiff,**

v.

**CENTRAL PENNSYLVANIA GAS COMPANY, Defendant and Third-Party Plaintiff,**

v.

**BOROUGH OF STATE COLLEGE, Shriver Gas Conversion of Virginia, Inc., and Manufacturers Light and Heat Co., Third-Party Defendants.**

**Civ. A. No. 6843.**

United States District Court
M. D. Pennsylvania.

Sept. 1, 1961.

Willard, Dunaway & Mazza, State College, Pa., for plaintiff.

John F. Naulty, Philadelphia, Pa., Baird & McCamley, Philipsburg, Pa., Nevin B. Gilpatrick, Philipsburg, Pa., for defendant and third-party plaintiff.

Lewis Orvis Harvey, Bellefonte, Pa., Miller, Kistler & Lee, State College, Pa., for third-party defendant, the Borough of State College.

Miller, Kistler & Lee, State College, Pa., for third-party defendant, Shriver Gas Conversion of Virginia, Inc.

Lewis Orvis Harvey, Bellefonte, Pa., for third-party defendant, Manufacturers Light & Heat Co.

FOLLMER, District Judge.

On December 14, 1959, plaintiff filed a complaint against Central Pennsylvania Gas Company to recover damages sustained as a result of an explosion of gas which occurred January 16, 1959, alleging as negligence the fact that the defendant when notified of the existence of leaking gas made an inspection but failed to correct the condition. Service of summons and complaint was made on defendant December 18, 1959. May 27, 1960, defendant, Central Pennsylvania Gas Company, moved for leave to bring in the Borough of State College, Shriver Gas Conversion of Virginia, Inc., and Manufacturers Light and Heat Co. as third-party defendants. The attorneys for plaintiff were noticed that said motion would be brought before the Court on July 12, 1960. An Order granting the motion was made July 12, 1960. Third-party complaint was filed July 12, 1960, and was served on the Borough of State College on July 20, 1960.

The matter is presently before the Court on motion of the Borough of State College to dismiss the third-party action

because the complaint fails to state a claim against third-party defendant upon which relief can be granted for the following reasons:

1. Failure to comply with the requirements of the Act of July 1, 1937, P.L. 2547, § 1 (53 P.S. § 5301), in regard to notice.

2. Failure to aver as a proximate cause of the injuries complained of any act or omission by the Borough of State College.

3. Failure to aver in what manner the alleged negligence of the Borough of State College caused the injuries complained of.

4. Failure to aver any breach of duty on the part of the Borough of State College owing to Johnson, original plaintiff.

The Act of July 1, 1937, P.L. 2547, § 1 (53 P.S. § 5301), captioned, "Notice of claim for negligence against municipality," reads as follows:

"Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

In construing this Act in Lutz v. City of Scranton, 1940, 140 Pa.Super.Ct. 139, 142, 13 A.2d 121, 123, the Court stated:

"In enacting the statute the legislature clearly intended to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims."

This construction was approved by the Supreme Court in Zack v. Saxonburg Borough, 1956, 386 Pa. 463, 465, 126 A.2d 753.

Under the terms of the Act strict compliance may be excused "upon a showing of a reasonable excuse for such failure to file said notice." No such showing has been made in this case.

From the day of the accident until the Borough of State College was formally notified of the third-party complaint approximately eighteen months intervened. From the date of service of the original complaint on defendant and third-party plaintiff and the service of third-party complaint on the Borough of State College a period of seven months and two days elapsed. The first indication that the Borough had that it might be involved was the day it was served with third-party complaint, to wit: July 20, 1960. In view of the fact that the accident happened eleven months before service of complaint on defendant, it was incumbent on defendant to see to it that compliance with the Notice Act was had, particularly in the light of the construction of the Act placed thereon by the Supreme and Superior Courts of Pennsylvania.

Third-party plaintiff has not seen fit to answer the motion to dismiss, to file any brief in opposition thereto, or to even suggest the existence of an excuse which would justify failure to comply with the Act.

Motion to dismiss will be granted.

In view of the action taken on the first reason submitted in support of the motion, the other reasons become moot and call for no discussion here.