## Streng v. City of Wilkes-Barre

*Kenneth J. English,* for plaintiff.

*E. C. Marianelli* and *Peter Paul Olszewski,* for defendant.

LEWIS, J., March 9, 1962.—This matter comes before the court on a rule granted upon defendants to show cause why leave should not be granted permitting plaintiff to proceed with the action.

Plaintiff filed an action in trespass against original defendant, City of Wilkes-Barre, by summons issued on February 19, 1960. Subsequently, on November 16, 1960, plaintiff filed his complaint alleging a cause of action based upon a fall on the sidewalk fronting premises situate at 43 West Market Street, Wilkes-Barre, on February 20, 1958. Thereafter, defendant filed preliminary objections incorporating a motion to strike off the complaint and a demurrer. This court overruled the preliminary objections and the defendant was granted leave to plead to the merits within 20 days.

Thereafter, defendant filed its answer containing new matter as well as a complaint bringing on the record the additional defendants.

The instant matter arises as the result of plaintiff's petition upon which the aforesaid rule was granted, to which defendant filed an answer, after which depositions were taken.

The problem involves an interpretation of the Act of July 1, 1937, P. L. 2547, sec. 1, 53 PS §5301, which provides:

"Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other mu-

nicipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

As was stated in Zack v. Saxonburg Borough, 386 Pa. 463, 465 (1956) :

"It is obvious that 'In enacting the statute the legislature clearly intended to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims.' (Lutz v. Scranton, 140 Pa. Superior Ct. 139) ."

The narrow question therefore, for this court to determine is whether plaintiff's failure to conform with the provisions of the statute meets the standard of "a reasonable excuse" as its terms require for the granting of leave by the court.

Plaintiff's petition incorporates in exhibit A and exhibit B, a copy of a report of a city police officer to the chief of police concerning plaintiff's fall, as well as a copy of the report of other city police officers who were detailed to convey plaintiff to Wilkes-Barre General Hospital on the following day.

Defendant suggests that knowledge by the city police officers and their superiors of the facts surrounding the accident, by way of the written reports, is not

a substitute for the notice of claim required by the statute. While this may be so in a given case where the facts of the accident are equivocal or obscure, or where the active negligence of a third party may be involved, we cannot agree that it is so in the instant matter. It is a matter of common knowledge, and especially known to municipal officials, that when a fall on a sidewalk occurs, the potential liability of the municipality immediately arises..

Defendant relies upon the case of Frantz v. Slatington Recreation Commission, 87 D. & C. 493 (1953), in which the Court of Common Pleas of Lehigh County sustained defendant's motion to strike off plaintiffs' complaint by reason of plaintiffs' failure to give the municipality notice as required by the statute. However, that case involved an injury sustained by plaintiff as the result of being struck by a coaster while she was watching a coaster derby—facts of an equivocal nature or involving the act of negligence of a third party. We do not consider it as being controlling here.

The case of Johnston v. Canonsburg Borough, 34 D. & C. 123 (1938), also relied upon by defendant, is not clear concerning the facts of the accident, and therefore cannot control here.

The depositions contain testimony by one John W. VanLoon, who was the claims manager for Pennsylvania Threshermen and Farmers Insurance Company, carriers for the city of Wilkes-Barre at the time of the accident, indicating that the failure to receive notice of the claim prejudiced the city and its carrier in making timely investigation of the facts of the accident as well as the injuries sustained by plaintiff. While it may well be that the carrier was not timely advised by the city, we cannot see that the city itself was deprived of an opportunity of making a timely and full investigation of the matter. The depositions, of course, do not disclose whether or not an adequate investigation was

made by the municipal officials, no municipality official having testified therein.

It appears to us that the key to the problem before us is epitomized in the question posed by our Supreme Court in Zack v. Saxonburg Borough, 386 Pa. 463, 470 (1956), as follows:

"Was the Borough of Saxonburg in the case at bar adequately and with reasonable promptness *informed of the incident* which became the basis for the present lawsuit?" (Italics supplied.)

Applying that identical question to the municipality here involved, would result, necessarily, under the admitted facts, in an affirmative answer.

It is therefore our considered opinion that, in the instant case, to require that a formal claim should have been submitted to the city of Wilkes-Barre after its own police officials were involved in the initial investigation of plaintiff's fall suffered on a city sidewalk would be a vain and injudicious exaction.

We are therefore constrained to hold that the facts of this case come within the provisions of "a reasonable excuse" for plaintiff's failure to file with the city of Wilkes-Barre a written notice of his claim, and that he should be granted leave to proceed.

We might add, parenthetically that were we to rule otherwise we would be dispensing summary judgment in the cause of a seriously injured human being, depriving him of his day in court. The whole body of our law militates against such action where a reasonable alternative course exists. This, of course, is not in any manner to suggest any liability on the part of the city of Wilkes-Barre, a factor which can only be determined upon the trial of the cause, in which its rights will be fully protected.

The rule heretofore granted upon defendant to show cause why plaintiff should not be permitted to proceed is made absolute.